Jerry L. NYE, Appellant,

v.

W & L COMPANY, INC., Appellee.

No. 8522.

Court of Civil Appeals of Texas,
Amarillo.

Jan. 13, 1975.

Rehearing Denied Feb. 10, 1975.

Warren Burnett Associated, Richard J. Clarkson, Odessa, for appellant.

Cotton, Bledsoe, Tighe, Morrow & Dawson, Charles L. Tighe, Midland, for appellee.

REYNOLDS, Justice.

The jury's negative answer to the personal injury damage issue, upon which the court entered a take-nothing judgment, is contrary to the admission that some damage was suffered. Reversed and remanded.

Plaintiff Jerry L. Nye sought monetary damages for injuries suffered while he was a passenger in and as a result of the crash of an airplane owned by, and alleged to have been negligently piloted by Lee Kidd, a vice-president of, defendant W. & L. Company, Inc. In support of the action, two witnesses were presented.

Called as an adverse witness, Lee Kidd stated he was piloting the airplane as an officer of the defendant corporation and he admitted his negligence proximately causing the crash. He testified that as a result of the crash Nye was rendered unconscious, he had some bad cuts on his head, he was bleeding and he was suffering pain. Plaintiff Nye's testimony was that he was knocked unconscious ·by the crash, that he received cuts across his chin and nose and a hole in his head, all of which required stitches, that he was bleeding and that he suffered pain. His testimony contained some vagueness, inconsistencies and contradictions concerning his medical treatment, the amount charged for which he did not know, but his testimony about his injuries remained unchallenged. Nye further stated that prior to

the crash he was physically able to perform his work and he described his physical limitations and the pain he suffered since the crash, although he acknowledged that his earnings generally had remained constant. It was shown that Nye and Kidd had known each other for some ten years prior to the crash, that they were engaged in a business relationship, that Nye's wife was the sister of Kidd's mother, and that Nye stayed at the home of Kidd while this suit was being tried.

The only special issue submitted to the jury was the damage issue to which the jury answered "None." Nye's motion for new trial, asserting as grounds therefor that the answer is wholly without support in and is against the greater weight and preponderance of the evidence, was overruled. From the take-nothing judgment entered, Nye has appealed on the point that the trial court erred in not granting him a new trial in view of the jury's answer.

The defendant corporation seeks to justify the jury's negative answer to the damage issue on the principle that the jury, as the judge of the credibility of the witnesses and the weight to be given their testimony, was entitled to disbelieve both witnesses, particularly in the light of their interest manifested by the record. In each of the cases cited for the application of the principle, the fact of injury was neither admitted nor conclusively established as being caused by the occurrence in question; therefore, it was within the province of the jury to find that the plaintiff had failed in his burden to prove by a preponderance of the evidence that any injury resulted from the event upon which the cause of action was founded. But that is not the situation presented by the record we review.

At the time of the crash, Kidd was acting in the performance of duties as an officer of the defendant corporation and, under those circumstances, his judicial admissions concerning the crash are binding on the defendant corporation. West Texas Produce Co. v. Wilson, 120 Tex. 35, 34 S.W.2d 827 (1931). Despite the relationships shown to exist between the two witnesses, when Kidd, representing the adverse party, admitted in open court all of the essential elements of Nye's cause of action except for the amount of damages, it became unnecessary for the court to submit, and the court properly did not submit, to the jury those elements admitted by the adversary. Traders and General Insurance Company v. Rockey, 278 S.W.2d 490 (Tex.Civ.App.—Amarillo 1955, writ ref'd n. r. e.). The sole unresolved factual determination reserved for the jury was the issue inquiring what sum of money would fairly and reasonably compensate Nye for his injuries.

The admitted facts and uncontradicted evidence disclosed that Nye suffered some damage as the result of his injuries caused by the crash. While the amount of damages to be awarded under all the circumstances is peculiarly within the province of the jury, the jury may not disregard the admitted fact of injury and find no damage. The answer that Nye suffered no damage is directly contrary to the admission and all the evidence of injury and damage. Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795 (1954). The negative answer of the jury is authorized to be set aside. Rule 328, Texas Rules of Civil Procedure. The point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded.