**Louise CRAIG, Appellant,**

v.

**Lee ALLEN et al., Appellees.**

**No. 1042.**

Court of Civil Appeals of Texas, Tyler.

Oct. 6, 1977.

Rehearing Denied Oct. 27, 1977.

 

Bill D. Rosenstein, Stephens, Corn & Rosenstein, Tyler, for appellant.

Rex A. Nichols, Nichols & Parker, Longview, for appellees.

McKAY, Justice.

This is a personal injury case involving an alleged "whiplash" type injury resulting from a rear end collision. Appellant filed suit against appellees, Lee Allen and Donna Childs, alleging various counts of negligence in the operation of an automobile by the former, and negligent entrustment of the automobile to the former by the latter. Appellees answered by general denial and a specific allegation that appellant's injury or disability, if any, was caused by accidents or occurrences "which occurred either prior to or subsequent to the accident forming the basis of this lawsuit." The evidence was submitted to a jury which found on two special issues that plaintiff was entitled to $300.00 as reasonable and necessary medical and hospital expenses, but made a finding of zero for physical pain and mental anguish suffered by appellant in the past and which in reasonable probability she would suffer in the future from her injuries which resulted from the occurrence in question. On the basis of these findings the court rendered judgment that appellant take $300.00 from appellees. Appellant perfected her appeal from this judgment.

Appellant brings three points of error. Points one and two complain that the trial court erred in failing to grant appellant's motion for new trial for the reason that the jury's answers to special issues one and two were so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Point three complains that the trial court erred in admitting into evidence "a portion of an unsworn medical report which medical report constituted hearsay." This report will be discussed more fully at a later point.

The record shows that the collision in question occurred on May 30, 1975, at about 5:30 p.m. at the intersection of Front and Bonner Streets in the City of Tyler, Texas.

Both vehicles were located in the outside westbound lane of Front Street at the time of the collision. Appellant testified that she was stopped at a red light at the intersection involved when her vehicle was struck from the rear by a vehicle driven by appellee Allen. She described the impact as a "good jolt." Allen testified that he was stopped at the intersection immediately behind appellant's vehicle; that when the light turned green both drivers proceeded forward and Allen "bumped" the rear of appellant's car as appellant took off "a little bit slower" than Allen. Photographs of the two vehicles introduced into evidence show little, if any, discernible damage to either vehicle.

As a result of the collision, appellant allegedly sustained a cervical sprain or so-called "whiplash" type injury. She testified that she had suffered neck and shoulder pains, having "a dull ache in my neck at all times." She further testified that she had previously incurred the same type injury resulting from another rear-end collision "seven or eight years back," but that it hadn't bothered her for "at least five years." She did not miss any work because of the injury although a fellow worker, Eunice Stanford, testified that appellant "couldn't turn her neck, she couldn't reach for packages on the shelves up high, had difficulty bending." Appellant for two weeks following the accident was under the care and treatment of her family physician, Dr. Donald Knarr, who then referred her to Dr. Van Garrett, an orthopedic surgeon, who treated her through January, 1976. According to his deposition read into evidence, Dr. Garrett's examination on June 25, 1975, revealed some "tenderness in the left side of the neck and on top of the left shoulder blade," and "limitation of flexion and extension, that is, bending forward and bending back of the neck." He indicated that appellant was experiencing some muscle spasm, but that there were no outward signs of injury in the area. He concluded that she had sustained a sprained neck and that she had "either contused or slightly pinched one of the nerves in the neck," producing a loss of sensation in her left hand. However, appellant had told Dr. Garrett that she had not had any prior neck or shoulder injuries. Dr. Garrett recommended that she "undergo physical therapy, take muscle relaxants and pain medication as needed." He testified that an injury of this type would normally have a maximum convalescent period of about six months. Dr. Knarr did not testify at the trial.

Dr. P. M. DeCharles, an orthopedic surgeon who examined appellant on September 23, 1975, at the request of appellees' attorney, also testified by way of deposition at the trial. Dr. DeCharles testified that upon his examination appellant had "normal motion" in the cervical area and that any muscle spasms she had were "markedly voluntary" which meant that "the mechanism of pain is not present." Upon neurological examination Dr. DeCharles found that "the reflexes were all present and equal and the sensation was rather bizarre and by that I mean, that it just did not follow the anatomical lines that—as we know them." He testified that appellant's subjective complaints during the course of the examination "were not real" and that certain sensations appellant described were "medically impossible." Upon examining an x-ray of appellant's neck he noted some "minimal arthritic hypertrophic changes" resulting from "the usual wear and tear that you would expect to find in a woman or a man of that age." He indicated that if appellant had been his regular patient he "wouldn't have prescribed anything."

Appellant introduced into evidence doctor bills from Dr. Knarr of $151.00, from Dr. Garrett of $147.00, from Dr. Richard F. Ulrich, a neurologist who performed tests at the request of Dr. Garrett of $60.00, for physical therapy of about $700.00, and various pharmaceutical receipts. Appellee stipulated that such bills were reasonable but took issue with appellant on the necessity of such. Appellee introduced for impeachment purposes a letter from Dr. Knarr to appellant's attorney, a portion of which stated that he had given appellant injections intermittently since January of 1970 for a whiplash injury sustained in Novem-

ber of 1968. Appellant's point three complains of the admission of this letter.

■ The only special issues submitted or requested were the two on damages. Nowhere in the record is there any objection to the submitted charge. The issue of whether appellant sustained an injury was controverted in the evidence, but no issue on injury was submitted or requested. The trial court found as a matter of law that appellee's actions constituted negligence and such negligence was the proximate cause of any injury appellant might have received. However, where a ground of recovery consists of more than one issue, and one or more of the issues necessary to sustain such ground of recovery are submitted to and answered by the jury, and one or more of such issues are omitted, without request, or objection, and there is evidence to support a finding thereon, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment. *Hopkins v. Standard Fire Ins. Co.,* 554 S.W.2d 270 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ); *McAllister v. Gardner,* 373 S.W.2d 316, 320 (Tex.Civ.App.-Dallas 1963, writ ref'd n.r.e.); Rule 279, T.R.C.P. Therefore, it is deemed as found that appellant was injured as the result of appellee's negligence.

■ The finding of injury notwithstanding, after a review of the entire record and after having weighed and balanced all the evidence, both that in favor and against the verdict and judgment, we are of the opinion that we would not be justified in concluding that the finding of the jury in regard to special issue two was so clearly against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Point one is overruled.

Point two complains that the finding of the jury on special issue one of $300.00 as reasonable and necessary expenses for medical and hospital care was so against the great weight and preponderance of the evidence as to be clearly wrong and mani-

festly unjust. After a review of the entire record and after having weighed and balanced all the evidence, both that in favor and against the verdict and judgment, we are of the opinion that we would not be justified in concluding the finding of the jury in regard to special issue one was so clearly against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Point two is overruled.

■ Point three complains of the admission into evidence of the above mentioned portion of the letter from Dr. Knarr to appellant's attorney concerning Dr. Knarr's treatment of appellant for a prior "whiplash" injury, appellant contending that such constituted hearsay. It appears from the record that appellant herself had previously testified as to such prior injury. In addition, appellant's counsel subsequently introduced the letter in its entirety. The trial court's admission of evidence over objection is deemed to be harmless if the objecting party subsequently permits the same or similar evidence to be introduced without objection. *Slayden v. Palmo,* 108 Tex. 413, 194 S.W. 1103, 1104 (1917); *Missouri-Kansas-Texas RR. Co. v. Shelton,* 383 S.W.2d 842 (Tex.Civ.App.-Dallas 1964, writ ref'd n.r.e.); *Medina Electric Cooperative, Inc. v. Ball,* 368 S.W.2d 227 (Tex.Civ.App.-San Antonio 1963, no writ). The admission of such letter, if error, was harmless error. Rule 434, T.R.C.P. Point three is overruled.

The judgment of the trial court is affirmed.