**Johnnie HORN, Appellant,**

v.

**STATE FARM INSURANCE COMPANY et al., Appellees.**

No. 1130.

Court of Civil Appeals of Texas, Tyler.

May 25, 1978.

Richard L. Reedy, Kain & Reedy, Houston, for appellant.

Marc A. Sheiness, Hicks, Hirsch, Glover & Robinson, Houston, for appellees.

MOORE, Justice.

Appellant, Johnnie Horn, brought suit against appellees, Joseph Edmond and State Farm Insurance Company, seeking damages for personal injuries allegedly sustained by her as the result of an automobile collision. State Farm Insurance Company, the liability carrier on Edmond's automobile, was joined as a party defendant under the terms of the Uninsured Motorist Clause of the policy. In answer to the special issues, the jury found both parties liable for negligence proximately causing the collision. The jury further found that the negligence attributable to each driver was 50%. In response to the damage issues, the jury found that the reasonable cost of the medical and hospital care furnished appellant, Johnnie Horn, amounted to $686.20, and that she suffered a loss of past earnings in the amount of $950. The jury, however, found that she suffered no damages as a result of past or future physical or mental pain. Pursuant to the verdict, the trial court entered judgment against State Farm Insurance Company in the amount of $1,118.10, and granted State Farm an indemnity in such an amount over and against Joseph Edmond, the uninsured motorist. Appellant, Johnnie Horn, perfected this appeal.

We reverse and remand.

Appellant presents only two points of error in which she contends that the trial court erred in overruling her motion for new trial based on the jury's finding that she was not entitled to any damages for physical pain or mental pain and suffering. Appellant's contention is that the jury's answers to these issues are contrary to the undisputed evidence, or, in the alternative, are against the great weight and preponderance of the evidence.

The collision made the basis of this suit occurred on November 30, 1973. While attempting to make a left turn into her driveway at her home, appellant's automobile was struck on the right side by the oncoming automobile driven by Edmond. As a result of the impact her automobile was knocked into a ditch. Immediately thereafter she testified that she was bleeding in the area near the right eye. She testified that when she was able to get out of the automobile she had pain in her right cheek bone, neck, left shoulder and knees. Shortly thereafter she was taken in an ambulance to the hospital where she was confined for a period of four days. She testified that during the time she was in the hospital she had blurred vision; her right cheek and eye were severely bruised and her right eye was swollen to the extent that it was closed; she had severe bruises in the area of her neck, right shoulder and knees

and was given medication to relieve her pain. After she left the hospital she testified that she continued to have pain in the neck, right shoulder and knees and continued to have headaches until the time of trial. She testified that the treating physician prescribed a soft collar which she wore around her neck for several weeks in order to alleviate her neck problem. It is undisputed that she lost forty days from work and thereafter returned on a half-day basis for two weeks.

Dr. A. Burton Anderson, who examined and treated appellant on December 21, 1973, testified that he was of the opinion that she suffered a sprain of the neck and cervical spine and suffered from some pain in the area of her pelvis and pain in the neck as a result of muscle spasms. His diagnosis was: "One, cerebral concussion, moderately severe; two, musculofacial strain and sprain of the posterior muscalature of the neck and sprain of the cervical spine at the level of C–4 and C–5."

Rule 328, Tex.R.Civ.P., provides inter alia that "[n]ew trials may be granted when the damages are manifestly too small or too large . . . ."

■■■ Although the amount of damages is ordinarily left to the discretion of the jury under the evidence before them, the jury cannot ignore the undisputed facts and arbitrarily fix an amount neither authorized nor supported by the evidence. *Lowery v. Berry*, 153 Tex. 411, 269 S.W.2d 795 (1954). In the instant case, there is nothing in the record indicating that appellant was not injured or that she did not suffer any pain. The undisputed facts disclose that appellant did suffer pain. Thus, the finding of the jury that appellant suffered no damages is not only unsupported by any evidence, but directly contrary to all the evidence. In our view the verdict was manifestly wrong and the trial court should have granted a new trial. *Lowery v. Berry*, supra; *Bolen v. Timmons*, 407 S.W.2d 947 (Tex.Civ.App.—Amarillo 1966, no writ history). Therefore, appellant's first point of error is sustained.

In view of our conclusion that the verdict and the judgment based thereon are contrary to the undisputed evidence, we do not reach appellant's second point of error. However, if such point were reached, we would hold that the jury's answers to the issues in question are so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Carrico v. Busby*, 325 S.W.2d 413 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.); *Bazzano v. Ware*, 530 S.W.2d 650 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

The judgment of the trial court is reversed and remanded.