**Jess O. MARTIN, Appellant,**

v.

**WARREN & MILLER COMPANY, et al., Appellees.**

**No. 1477.**

Court of Appeals of Texas, Tyler.

Sept. 2, 1982.

James B. Davis, Houston, Elmer C. Beckworth, Jr., Norman, Spiers, Thrall, Angle & Rountree, Rusk, for appellant.

Michael E. Jones, Potter, Guinn, Minton, Roberts & Ireland, Tyler, for appellees.

RAMEY, Justice.

This is a personal injury suit arising out of a vehicular accident. Appellant sued the adverse driver, Hobart Berry and his employer, Warren & Miller, for money damages. Prior to trial appellees stipulated that the said accident was proximately caused by the negligence of the appellee Berry and withdrew their allegation that the accident was in any respect caused by the contributory negligence of appellant. Likewise appellees have admitted that Berry was acting in the course and scope of his employment with appellee, Warren and Miller, on the occasion in question. Trial was to a jury which awarded appellant $750 and $1,165.10 for past and future medical care respectively and $1,950 in past loss of earnings. The jury found "none" to the issues of past and future physical pain and mental anguish as well as loss of earning capacity in the future. The trial court therefore rendered judgment that appellant recover the sum of $3,865.10 by his suit. Appellant challenges the legal sufficiency and the factual insufficiency of the evidence supporting the jury's findings of no damages for appellant's past physical pain and mental anguish resulting from the accident.

The "no evidence" point of error which directs us to view the evidence in a light most favorable to the verdict and consider only evidence and inferences that support the verdict is inappropriate. In the event of reversal and rendition, we cannot supply the amount of appellant's damages. Appellant's first point is accordingly overruled.

Appellant also contends that the jury's finding of "none" to the past physical pain and mental anguish issue was against the great weight and preponderance of the evidence. An analysis of the entire record requires us to sustain this point of error.

Appellant claims that he sustained three types of injuries as a result of the accident in question: (1) neck strain, (2) fractured rib and (3) multiple abrasions and contusions of his forehead and knee. We will briefly consider the nature and extent of each.

Most of the damage proof was referable to the appellant's neck complaints. Four doctors testified; three of them described plaintiff's continuing neck complaints. Appellant and other lay witnesses confirmed this testimony. The condition was diag-

nosed as a cervical sprain. The underlying basis for the diagnosis was appellant's subjective complaints. There was considerable evidence disputing the existence of a neck defect, and if it did exist whether it was proximately caused or aggravated by the accident in question.

Second, Nan Travis Hospital's x-ray report and the emergency room records show that the appellant sustained a fracture of his sixth rib on the left side. Although appellant said that the condition felt like several ribs were fractured, it was uncontroverted that at least one had been fractured. Pain medication was prescribed by Dr. L. W. Ralston, the emergency room physician. He testified to appellant's tenderness in the left rib cage. Dr. J. T. Scogin, another treating doctor associated with Nan Travis Clinic, said that such an injury "will certainly hurt." X-rays revealed that there was no rib displacement or other abnormality. The rib was allowed to heal by the passage of time. The fracture was an objective radiological finding.

Third, appellant contended that he received multiple abrasions and contusions on his forehead and knee in the accident. The Nan Travis Hospital emergency room records confirm these claims. Likewise, confirmation came from plaintiff's arriving witness, Jackie Stewart, as well as the plaintiff, his wife and his son. The abrasions were quite minor; the emergency room physician, Dr. Ralston, described them as "superficial," and Dr. Scogin acknowledged that they were a "scratch type of thing." The wounds were not sutured and there appeared to be no further treatment of them after the day of the accident. The abrasions were objective manifestations which appellees did not dispute.

The courts have generally held that matters of pain and suffering are necessarily speculative and that it is peculiarly within the province of the jury to resolve these matters and set the amount of such damages. *Ruffo v. Wright,* 425 S.W.2d 663 (Tex.Civ.App.—San Antonio 1968, no writ); *Royal v. Cameron,* 382 S.W.2d 335 (Tex.Civ. App.—Tyler 1964, writ ref'd n.r.e.). How-

ever the courts have also stated that the jury does not have absolute discretion. Many Texas cases hold that once an injury has been shown beyond dispute and liability fixed, a jury's answer of "none" to a damage issue on pain and suffering will be reversed. *Sansom v. Pizza Hut of East Texas, Inc.,* 617 S.W.2d 288 (Tex.Civ.App.—Tyler 1981, no writ); *Thomas v. Oil & Gas Building, Inc.,* 582 S.W.2d 873 (Tex.Civ.App. —Corpus Christi 1979, writ ref'd n.r.e.); *Horn v. State Farm Insurance Co.,* 567 S.W.2d 266 (Tex.Civ.App.—Tyler 1978, no writ); *Bazzano v. Ware,* 530 S.W.2d 650 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.); *Nye v. W. & L. Co., Inc.,* 519 S.W.2d 142 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.); *Franco v. Graham,* 470 S.W.2d 429 (Tex.Civ.App.—Corpus Christi 1971), reformed and affirmed 488 S.W.2d 390 (Tex. 1972). Ten additional cases reaching the same result are cited in *DuPree v. Blackmon,* 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

Appellee relies upon four cases in which an award of no damage for pain and suffering was upheld by the appellate court. *Hulsey v. Drake,* 457 S.W.2d 453 (Tex.Civ. App.—Austin 1970, writ ref'd n.r.e.); *Royal v. Cameron,* 382 S.W.2d 335 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.); *Craig v. Allen,* 556 S.W.2d 644 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Comstock v. Ramirez,* 520 S.W.2d 475 (Tex.Civ.App.—El Paso 1975, no writ). All of these cases involved alleged whiplash injuries to the neck and back predicated basically upon plaintiff's subjective complaints. It is undisputed here, however, that Mr. Martin sustained a rib fracture and various abrasions to his body in the accident which distinguishes this suit from the authorities cited by appellees. (See Justice Keith's incisive concurring opinion in *DuPree v. Blackmon, supra* at 220, 221, approved by this court in *Sansom v. Pizza Hut of East Texas, Inc., supra* at 294.)

■ Appellee contends that the rib fracture and the abrasions were of a minor nature. A quantitative basis as to the extent of the injury is inappropriate in distinguishing these cases. *Bolen v. Timmons,*

407 S.W.2d 947, 949 (Tex.Civ.App.—Amarillo 1966, no writ); *Taylor v. Head,* 414 S.W.2d 542, 544 (Tex.Civ.App.—Texarkana 1967, writ ref'd n.r.e.). There is no authority for the application of the *de minimus* doctrine to damage issues. *Sansom v. Pizza Hut of East Texas, Inc.,* supra at 293; *Dupree v. Blackmon, supra* at 219.

Mindful that the members of the jury were the exclusive judges of the credibility of the witnesses and the weight to be given their testimony, that we should not substitute our judgment for that of the jury and that the jury might reject the testimony of interested witnesses and that of the medical experts, we, nevertheless, cannot avoid the undisputed proof of wholly objective manifestations of some of appellant's injuries. *Royal v. Cameron, supra* at 339; *Hulsey v. Drake, supra* at 460. Our view that appellant was injured is confirmed by the jury's findings of substantial past and future medical care expenses "resulting from the occurrence in question." We are compelled, therefore, to hold that the appellant received injuries proximately resulting from the appellee Berry's negligence from which it is inescapable that appellant experienced some pain. "The jury must award something for every element of damage resulting from an injury." *Gallejos v. Clegg,* 417 S.W.2d 347, 357 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.); *Edmondson v. Keller,* 401 S.W.2d 718, 720 (Tex.Civ.App.—Austin 1966, no writ).

We therefore hold that the jury's answer of zero damages for past pain and suffering and mental anguish was so against the great weight and preponderance of the evidence as to be manifestly unjust and thereby sustain appellant's second point of error.

The judgment is reversed and remanded for a new trial.