Cathy Wakefield PORTER, Appellant,

v.

GENERAL TELEPHONE COMPANY
OF THE SOUTHWEST and S.D.
Barber, Appellees.

No. 13–86–444–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Sept. 30, 1987.

Atreus M. Clay, Houston, for appellant.

Larry Funderburk, Funderburk & Funderburk, Houston, for appellees.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellant brought a personal injury suit following an automobile collision. The jury awarded $1,500 for past medical expenses and $1,000 for past mental anguish, but nothing for past physical pain, past loss of earnings, future physical pain, future mental anguish, or future medical expenses. The jury found that appellee S.D. Barber was 80% negligent, and that his negligence was a proximate cause of the collision. The trial court entered judgment for $2,500 plus interest. We reverse.

By points one through four, appellant cites as error the trial court's failure to grant her motion for new trial, contending that the findings of zero damages were so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust. Point one discusses the award of zero damages for past physical pain.

In considering "no evidence" or "insufficient evidence" points of error, we follow *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120, 125 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

An appellate court must review all of the evidence in ruling on questions of the weight or sufficiency of the evidence. *See Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986).

Appellant testified that a physician examined her after the collision and that she had lacerations on the right wrist and left elbow. She also complained of her shoulder region, arm, and lower back. She received a prescription for pain. She also testified to soreness, stiffness, and pain following the incident, and to treatment for pain relief.

Appellant's co-worker, Claude Horton, saw appellant at the collision scene and testified that she "had a cut, had been bleeding on her arm."

Although the defendant's expert, Dr. Cowart, offered opinions on the origins and severity of any muscle or spine injuries, he did not refute the claims of lacerations. Cowart, who examined appellant more than three years after the collision and reviewed her medical records, included in his patient history a report on the doctor's examination immediately following the collision. Cowart stated that the doctor treated a wound to the lower elbow by cleaning it and gave appellant pain medication.

After carefully reviewing the record, we find nothing to controvert the evidence that appellant was cut in the collision. Since the evidence, taken as a whole, clearly establishes some objective injury, appellant is entitled to some compensation for pain. *See Crowe v. Gulf Packing Co.,* 716 S.W.2d 623, 625 (Tex.App.—Corpus Christi 1986, no writ); *Del Carmen Alarcon v. Circe,* 704 S.W.2d 520, 521 (Tex.App.—Corpus Christi 1986, no writ); *Martin v. Warren & Miller Co.,* 639 S.W.2d 706, 708–9 (Tex.App.—Tyler 1982, no writ).

Because point one is dispositive of the case, we do not reach appellant's remaining points. Tex.R.App.P. 90. We sustain appellant's first point and REVERSE and REMAND for a new trial.