United States Court of Appeals,

Fifth Circuit.

No. 91–7036.

Evelyn M. BAILEY and Lawrence Collinw, Jr., Plaintiffs–Appellants,

v.

Jeffrey Paul DANIEL, Defendant–Appellee.

Aug. 4, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before HIGGINBOTHAM and DUHÉ, Circuit Judges and HUNTER, District Judge.[1]

DUHÉ, Circuit Judge:

Plaintiffs seek review of the trial court's denial of their motion for new trial. Finding no error in the award of damages and interest, we affirm. Because the court erred in calculating costs, however, we reverse and render that award.

BACKGROUND

In December 1987 Defendant Daniel accidentally rear-ended Plaintiff's car. Plaintiff Bailey, a teacher, was treated in a nearby emergency room for neck and back injuries. Bailey did not return to work for the spring term and took disability retirement in June 1988, largely due to severe hypertension. Plaintiff Collins, a homemaker, was not immediately treated, but complained of neck and back pain sometime after the accident. Collins further injured his back in a fall in December 1988 and a jump in 1989. Collins has since been diagnosed as suffering from neck and back sprain and a ruptured disc.

Invoking diversity jurisdiction, Plaintiffs sued Daniel in federal court. Daniel conceded liability and the parties consented to a trial before a magistrate judge on the issue of damages. The judge awarded Bailey $3,459.25 for medical expenses, $6,030.99 for loss of earning capacity, and

[1]Senior District Judge of the Western District of Louisiana, sitting by designation.

$7,000 for physical pain and suffering. Collins was awarded medical expenses only, totalling $2,490.

Plaintiffs moved for new trial claiming that the awards were insufficient. The judge denied the motion.

ANALYSIS

A trial judge's ruling on a motion for new trial is reviewed for an abuse of discretion. This standard of review is somewhat narrower when a new trial is denied and somewhat broader when a new trial is granted. *Jones v. Wal–Mart Stores, Inc.,* 870 F.2d 982, 986 (5th Cir.1989).

*Damages*

Plaintiffs contend that they are entitled to a new trial because the court erred by not awarding damages for mental anguish and grief despite the great weight and preponderance of the evidence. They also argue that Collins proved that he suffered physical pain and thus should be compensated for it.

For pleading purposes, Texas courts have long recognized the rule that "the law infers mental suffering from severe injuries." *Texas & N.O. R.R. Co. v. Cade,* 351 S.W.2d 663, 664 (Tex.Civ.App.—Waco 1961, writ ref'd n.r.e.). From this rule evolved the tendency of Texas courts to reverse "zero damages" awards for "pain and suffering and mental anguish" as against the great weight and preponderance of evidence when plaintiffs present objective evidence of serious injury. *See, e.g., Martin v. Warren & Miller Co.,* 639 S.W.2d 706, 708 (Tex.Ct.App.—Tyler 1982, no writ).

In keeping with these decisions, this Court in *Jones v. Wal–Mart Stores, Inc.,* reversed a zero damages award for future mental anguish where the jury had awarded damages for future pain and suffering. 870 F.2d 982, 989 (5th Cir.1989). In *Jones,* we stated, "It is clear from Texas case law that if a serious injury is proved with objective evidence beyond dispute and liability is fixed, a jury's

answer of "none' to a damages issue of past mental anguish will be reversed by Texas courts." *Id.* at 987. *Jones* represented a step, albeit a small one, from the cases on which it relied for in each of those cases, the jury had returned "none" answers to "pain and suffering and mental anguish." *See, e.g., Sansom v. Pizza Hut of East Texas, Inc.,* 617 S.W.2d 288 (Tex.Civ.App.—Tyler 1981, no writ). In other words, the jury in the Jones trial took a seemingly unusual turn when it awarded damages for pain and suffering, but not mental anguish. *Jones* rendered this novel appro ach impermissible where objective evidence of serious injury is presented.

While we took this step with little trouble in *Jones,* we noted a concurrent line of Texas cases upholding "zero damages" awards. *Jones,* 870 F.2d at 988. In distinguishing those cases we explained, "if plaintiffs complaints are subjective in nature, i.e., headaches, which the defendant may not readily dispute, then the negative answer of the jury to the damage issue will not be disturbed when it rests upon the testimony of the plaintiff alone." *Id.* (quoting *Dupree v. Blackmon,* 481 S.W.2d 216, 221 (Tex.Civ.App.1972)).

Plaintiff Bailey's injuries are of the type prevalent in the latter line of cases. *See McGuffin v. Terrell,* 732 S.W.2d 425, 426–27 (Tex.App.—Fort Worth 1987, no writ); *Craig v. Allen,* 556 S.W.2d 644, 647 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Hulsey v. Drake,* 457 S.W.2d 453, 460 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.). Although Bailey presented the depositions of several doctors, their testimony was inconclusive. One reported that Bailey's test results were normal; another opined that Bailey's complaints constituted malingering. None thought the injuries necessitated Bailey's retirement. Thus, with respect to pain and suffering and mental anguish, the judge was left with the subjective complaints of Bailey alone, which the judge did not find credible. *Jones,* therefore, is not readily applicable. Had the judge awarded Bailey "zero damages" for pain and suffering and mental anguish, Texas case law would not require us to reverse the award. We decline, therefore, to reverse her award of partial damages.

Collins's injuries are similarly subjective. Although he presented evidence that he now suffers from a ruptured disc, none of Collins's witnesses could, with certainty, link that injury to the accident with Daniel. To the contrary, at least one doctor testified that Collins's injuries were related to pre-existing and subsequent injuries. Without objective evidence linking Collins's back problems to the automobile accident, the judge again was left with the subjective testimony of the plaintiff, most of which she explicitly found incredible. Governed by the ideas expressed in *Dupree, McGuffin,* and others described above, we accord the opinion of the fact-finder great deference, and, therefore, affirm.

*Costs*

The judge awarded Plaintiffs costs of $240 for witness fees, $40 for each witness deposed. One witness, Dr. Ioppolo, however, was the subject of two depositions, set exactly one year apart from each other. Plaintiffs contend that the costs should be increased by $40 to reflect Dr. Ioppolo's second appearance. Such errors should be raised in the trial court. *Kansas City S. Ry. Co. v. Caruso,* 387 F.2d 602, 602 (5th Cir.1968). In this instance, however, it is evident from the record that the Magistrate erred in compensating for only one day of Dr. Ioppolo's attendance. We, therefore, reverse the award of costs and render a cost award in the amount $280.

*Interest*

Plaintiffs also contend that the judge miscalculated the award of pre-judgment interest. Interest was set to run 180 days from December 9, 1988, the date Plaintiffs filed suit. As Plaintiffs have offered no evidence of a written demand preceding this date, we find no error in the award. *See* Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, § 6(a) (West Supp.1991).

The judgment of the trial court with respect to damages and prejudgment interest is AFFIRMED. The award of costs is REVERSED and RENDERED.