NO. 07-04-0033-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 6, 2005

_____

JOHN REYNA, JR. AND AIDE REYNA, APPELLANT

V.

JAIME RODRIGUEZ ALDACO, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 15884; HONORABLE FELIX KLEIN, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellants John and Aide Reyna appeal a take-nothing judgment in their suit arising from a pickup truck collision. We will affirm.

The collision occurred on FM 168 in rural Lamb County in December 2001. As the Reynas were driving home from their jobs in Lubbock, they approached two pickup trucks moving slowly on the right side of the roadway. The front truck was being driven along the right shoulder of the highway by Jaime Rodriguez Aldaco. Just before the Reynas reached

Aldaco's truck, Aldaco turned left to cross the road. The Reynas' truck struck Aldaco's vehicle, veered off the roadway and overturned. The Reynas were taken by ambulance to a hospital emergency room where they were examined for injuries. The ambulance service records indicate complaints of pain but noted "no obvious injuries." Hospital records indicate John was diagnosed with a contused elbow and half-inch cut on one hand. Aide was diagnosed with neck and ankle sprains. Her hospital records also recite her right ankle was swollen with an "abnormal" appearance. X-rays of both appellants found no fractures or other abnormalities. The Reynas were discharged with Aide receiving prescriptions for pain medication.

Twelve days after the collision, the Reynas began seeing Dr. Jack McCarty at Caprock Medical Associates in Lubbock. He recommended Aide Reyna take one to two weeks off work and provided a course of therapy including hot packs, manipulation, electro-stimulation and stretching. McCarty provided similar treatment to John Reyna but did not recommend time off work.

The Reynas filed suit against Aldaco for negligence, seeking at trial to recover damages for physical pain and mental anguish, Aide's lost wages, physical impairment and medical expenses. Aldaco asserted the negligence of John Reyna as an affirmative defense. The case was tried to a jury which found each driver was 50 percent responsible for the collision. It also answered zero to each of the elements of damages sought by the Reynas. The trial court rendered a take-nothing judgment in conformity with the jury's verdict.

2

Appellants present three issues for our review asking first, whether the jury's denial of any recovery of medical expenses was against the great weight and preponderance of the evidence, second, whether the denial of recovery for physical pain, mental anguish, lost wages and physical impairment was against the great weight of the evidence and third, whether the jury's finding John Reyna was 50 percent responsible for the injuries was against the great weight and preponderance of the evidence.

When a party attacks the factual sufficiency of an adverse finding on which they have the burden of proof, they must demonstrate the finding is against the great weight and preponderance of the evidence. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). In reviewing such a challenge courts of appeals must consider and weigh all of the evidence, not just evidence which supports the verdict. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998); *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). Our review must recognize that the jury is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). We may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *McGuffin v. Terrell*, 732 S.W.2d 425, 427 (Tex.App.–Fort Worth 1987, no writ).

Appellants first challenge the jury's answers of zero on appellants' past medical expenses. A plaintiff seeking to recover medical expenses bears the burden of establishing not only what expenses were incurred, but that the treatment was necessary

3

and the amount charged was reasonable. *Burris v. Garcia*, No. 04-03-0361-CV, 2005 WL 839442 (Tex.App.–San Antonio April 13, 2005, no pet.) (mem. op.), citing *Carr v. Galvan*, 650 S.W.2d 864, 868 (Tex.App.–San Antonio 1983, writ ref'd n.r.e.); *Rodriguez-Narrea v. Ridinger*, 19 S.W.3d 531, 532 (Tex.App.–Fort Worth 2000, no pet.) (and cases cited therein). Aldaco did not contest the amount of medical expenses appellants assert they incurred. He argues the jury could have found any injuries suffered by appellants did not merit medical treatment.

Appellants argued to the jury that the necessity and reasonableness of the medical expenses they incurred was established by the medical bills and supporting affidavits from non-expert records custodians filed pursuant to section 18.001 of the Civil Practice & Remedies Code (Vernon 1997). They present the same contention on appeal, arguing that Aldaco presented no evidence that the medical care was unnecessary or the expenses unreasonable. Affidavits under section 18.001 address three elements of a claim for medical expenses: (1) the amount of the charges, (2) the reasonableness of the charges, and (3) the necessity of the service. *Barrajas v. VIA Metro. Transit Auth.*, 945 S.W.2d 207, 208 (Tex.App.–San Antonio 1997, no pet.). The statute also allows a non-expert to state the services provided were reasonable and necessary. *Castillo v. American Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex.App.–El Paso 1998, no pet.). An uncontroverted affidavit is sufficient to support affirmative findings on those elements within its ambit. § 18.001(b). Here, no opposing affidavits were filed.

Even uncontroverted affidavits filed under section 18.001, however, do not conclusively establish a plaintiff's entitlement to recover medical expenses. *Barrajas*, 945 S.W.2d at 208.[1] The jury was not bound by the statements contained within the affidavits filed by appellants affirming the necessity of the services reflected in the medical bills and the reasonableness of the charges. A factfinder is not bound by the opinion of an expert witness on the necessity of medical treatment, *Ponce v. Sandoval*, 68 S.W.3d 799, 806 (Tex.App.–Amarillo 2001, no pet.); *see Walker v. Ricks*, 101 S.W.3d 740, 748 (Tex.App.–Corpus Christi 2003, no pet.), and nothing in section 18.001 makes the statements of non-expert affiants on the issues of reasonableness and necessity any more binding on factfinders than the live testimony of a medical expert.

With respect to the medical expenses John incurred, in addition to the section 18.001 affidavits and medical bills the record contains documentary evidence and testimony indicating John suffered a contused elbow and a half-inch cut on his hand. The ambulance record for John listed his injury level as "none" with no obvious injuries and that he was able to "move . . . all extremities well." The emergency room record shows he received x-rays but does not indicate any medical treatment provided to John. The "plan" section of the emergency room report did not list any future medical treatment. Dr. McCarty's records show a diagnosis of a contused right elbow. We cannot say a jury

---

[1] *See Grove v. Overby*, No. 03-03-0700-CV, 2004 WL 1686326 (Tex.App.–Austin July 29, 2004, no pet.) (mem. op.) (section 18.001 affidavits not conclusive on reasonableness or necessity of charges despite absence of controverting affidavit), issued after appellants filed their brief in this appeal. *See also Sloan v. Molandes*, 32 S.W.3d 745, 752 (Tex.App.–Beaumont 2000, no pet.); *Beauchamp v. Hambrick*, 901 S.W.2d 747, 748 (Tex.App.–Eastland 1995, no writ).

determination that these injuries did not merit transportation to an emergency room in an ambulance and just under $1,000 of therapy with hot and cold packs, manipulation and electrical stimulation was so against the great weight of the evidence as to be clearly wrong and manifestly unjust.

The ambulance record for Aide lists her injury level as minor with no obvious injuries. It states no swelling or deformity was noted on her right ankle. Aide's emergency room records indicated she suffered from neck and ankle sprains, the records noting her ankle was swollen. The "assessment" and "plan" sections of her emergency room record did not list future medical treatment. The jury also heard that neither appellant received further medical treatment until twelve days after the collision. For her injuries[2] Aide received from Dr. McCarty just under three months of therapy at a cost of $3,227.00. Viewing all the evidence we cannot say the jury's denial of recovery for medical expenses was so against the great weight of the evidence as to be clearly wrong and unjust. *McGuffin*, 732 S.W.2d at 428-29. We overrule appellants' first issue.

In their second issue, appellants assign error to the denial of any recovery for pain and mental anguish, lost wages and physical impairment. They contend that where, as here, a jury is presented with uncontroverted evidence of objective injuries, a verdict awarding no damages for pain and suffering and mental anguish is against the great

---

[2] Neither Dr. McCarty nor any other medical expert testified. Dr. McCarty's records contain this diagnosis from his initial examination of Aide: (1) acute cervical strain, (2) acute thoracic strain, (3) acute upper lumbar strain, and (4) first degree sprain of the right ankle. The jury was not provided any evidence of the meaning of the terms "acute" and "first degree."

6

weight and preponderance of the evidence. They also argue the facts established at trial are similar to those of several cases in which jury findings of zero damages for pain and suffering were reversed. Relying on the same authority, Aldaco contends that because the evidence of injuries and pain was primarily subjective, we should not disturb the jury's denial of any recovery for pain and suffering.

The Dallas Court of Appeals' review of case law on the subject in *Blizzard v. Nationwide Mutual Fire Ins. Co.*, 756 S.W.2d 801 (Tex.App.–Dallas 1988, no pet.), led that court to conclude the cases "perhaps indicate that appellate courts are more reluctant to hold jury findings of no damages for pain and suffering contrary to the great weight and preponderance of the evidence when the indicia of injury and damages are more subjective than objective." *Id.* at 805. Recognizing the difficulty in applying such a rule it went on to find "In the end, we must be guided by the general rule that the finding of the jury is entitled to great deference by the appellate court unless the record reflects that the jury was motivated by passion, prejudice, or something other than conscientious conviction." *Id.*

The Fort Worth Court of Appeals conducted a similar review in *Hammett v. Zimmerman*, 804 S.W.2d 663 (Tex.App.–Fort Worth 1991, no writ). It summarized cases supporting a rule that uncontroverted evidence of an objective injury establishes entitlement to some award of pain. *Id.* at 664. It gave equal recognition to the correlative position that a jury may deny such damages if the injuries are subjective in nature. *Id.* at 665 (citing *Blizzard*). Other courts, including this court, have applied an analysis based on the objective/subjective distinction to cases in which juries have found liability but denied

recovery for pain and suffering. *See, e.g., Horton v. Denny's Inc.*, 128 S.W.3d 256, 260 (Tex.App.–Tyler 2003, pet. denied) (citing cases and applying rule to denial of medical expense recovery); *Lamb v. Franklin*, 976 S.W.2d 339, 342 (Tex.App.–Amarillo 1998, no pet.).[3]

The objective manifestations of Aide's injuries, emphasized by appellants at oral argument, include the evidence that her ankle was swollen and that she suffered a contusion to her chest from the shoulder strap of the seat belt.[4] Aide's primary complaints of pain following the accident, however, do not concern her ankle or the contusion to her chest. On appeal Aide refers to the testimony of her friend Alice Guerrero and her co-worker Priscilla Ramirez concerning the effects of pain on her activities. Guerrero's testimony described the discomfort Aide suffered in her back. Ramirez testified to Aide's description of pain radiating from her neck down her arm, and of pain in her shoulder. She also testified to Aide's frequent headaches. Aide's own testimony at trial contained numerous references to the pain she experienced in her back and side, and to her severe

---

[3] *See also Golden Eagle*, 116 S.W.3d at 775, in which the supreme court, discussing evidence that overlaps categories of damages for physical injury, cautioned that the jury's discretion to resolve conflicting evidence about the existence and severity of physical injury and associated pain "does not mean, however, that a verdict awarding no damages for pain and suffering should be upheld on appeal if there is objective, undisputed evidence of a significant injury and the jury could not have compensated the injured party in some other category of damages."

[4] As noted, the emergency room report indicates her right ankle was swollen and "abnormal" in appearance. Dr. McCarty's report from his initial examination twelve days after the accident contains the statement, "Some soft tissue swelling is noted around the right ankle." McCarty's report a week later refers to the swelling as "minimal," and swelling is not noted thereafter in his periodic reports. The contusion to Aide's chest also is noted in the emergency room report. Dr. McCarty's report of his initial examination describes it as a "resolving hematoma." It is not mentioned again in the records.

headaches. The reports of pain contained in Dr. McCarty's periodic records during his treatment of Aide also refer primarily to her neck and back. Viewed as a whole, the evidence on which Aide relies relates chiefly to injuries other than her objective injuries of a swollen ankle and bruised chest. The evidence supporting Aide's damages from pain and suffering is thus more subjective than objective.

*Sansom v. Pizza Hut of East Tex. Inc.*, 617 S.W.2d 288 (Tex.Civ.App.–Tyler 1981, no writ), is illustrative of the cases appellants cite. Sansom injured her ankle when she stepped in a hole as she was leaving a restaurant. *Id.* at 289. The jury apportioned responsibility equally between Sansom and the restaurant, and awarded her $2,000 for past medical expenses but denied any recovery for pain. The appellate court concluded the jury's finding was against the great weight of the evidence. *Id.* at 293. Like the other cases appellants cite,[5] *Sansom* is to be distinguished because the plaintiff's complaints of pain comported with her objective symptoms. *Id*. at 294. Sansom's objective injuries were to her ankle, and pain in her ankle formed the basis of her claim for physical pain. *Id*. at

---

[5] Appellants also compare the evidence of their injuries with those described in *Hammett*, 804 S.W.2d at 668 (comparing objective evidence of injury to one plaintiff through medical testimony of analysis of x-ray with absence of such evidence of injury to second plaintiff), *Davis v. Davison*, 905 S.W.2d 789 (Tex.App.– Beaumont 1995, no writ) (pain from objective burn injury), *Russell v. Hankerson*, 771 S.W.2d 650 (Tex.App.–Corpus Christi 1989, writ denied) (with conflicting evidence of fracture to foot, court found "objective symptoms of injury" in severe swelling of foot and black discoloration indicating bleeding of tissues), *Porter v. General Tel. Co.*, 736 S.W.2d 204 (Tex.App.–Corpus Christi 1987, no writ) (lacerations), and *Monroe v. Grider*, 884 S.W.2d 811 (Tex.App.–Dallas 1984, writ denied) (fractured wrist). The subjective nature of Aide's primary complaints distinguishes her claim for pain and suffering from those asserted in these cases.

9

290-91.  Here, Aide's objective injury was a swollen ankle but she primarily complains of pain elsewhere.[6]

The objective evidence of John's injuries is his testimony and medical records that he had a cut on his hand and contusion of his elbow.  With regard to John's claim for pain and suffering, appellants cite *Porter v. General Tel. Co., supra*.  In *Porter,* the evidence showed the plaintiff suffered lacerations on her arms from an automobile collision.  The jury awarded $1,500 in medical expenses but denied a recovery for pain. 736 S.W.2d at 204.  The appellate court reversed and remanded for a new trial. *Id.* at 205.  The brief descriptions of the cuts in the opinion offer little basis on which to compare those injuries to the single half-inch cut suffered by John.  Medical testimony in *Porter* indicated, though, that one of the wounds required treatment by cleaning.  *Id*.  The jury here was not required to accept John's testimony, which was not supported by the medical records, that his cut required stitches.

As we read the record, John's complaints of pain in his elbow must be regarded as more subjective than objective.  It is not clear from the medical records, for instance, what objective evidence showed that the elbow was "contused."  During his testimony, John most often used the term "sore" when describing his elbow's condition following the accident.  He testified also that the emergency room physician did not prescribe pain medication for him, but advised over-the-counter medications.  The jury could have

---

[6] Too, the appeals court in *Sansom* gave significance to the jury's finding that the plaintiff had suffered a compensable injury, as shown by its award of medical expenses. *Id.* at 293.  The jury here did not award damages for medical expenses, or for any other category of damages.

concluded that John's injuries were so minor as not to merit an award for pain and suffering. *See Biggs v. GSC Enterprises, Inc.*, 8 S.W.3d 765, 769 (Tex.App.–Fort Worth 1999, no pet.) (mere fact of injury does not prove compensable pain and suffering).

Viewing all the evidence before the jury in light of the case authority discussed, we find the jury's denial of an award of pain and suffering to either plaintiff was not so against the great weight of the evidence as to be clearly wrong and manifestly unjust.

Appellants also challenge the denial of any recovery for physical impairment and Aide's lost wages. As evidence of her physical impairment, they cite testimony that Aide is no longer able to play basketball, has pain when taking walks and is no longer able to "fully enjoy dancing." The supreme court discussed the requirements for an award of damages for physical impairment in *Golden Eagle*, 116 S.W.3d at 763, *et seq*. That discussion confirms previous case law holding that the effect of a plaintiff's physical impairment must be substantial and extend beyond any pain, suffering, mental anguish, lost wages or diminished earning capacity. *Id*. at 772.[7] Appellants' cited evidence of Aide's physical impairment comes entirely from their testimony and that of their friend Alice Guerrero. Although the jury was not instructed concerning the meaning of physical impairment, we find the jury's apparent evaluation of the substance and extent of Aide's physical impairment was not clearly wrong or manifestly unjust.

---

[7] The court also instructed that review of the factual sufficiency of evidence supporting jury findings on claimed physical impairment damages must take into account the extent to which the jury may have compensated the plaintiff for such damages through its award in another category of damages. *Id*. at 773. In this case, of course, the jury awarded no damages in any category.

11

As evidence of Aide's lost wages, appellants rely primarily on Dr. McCarty's "health status certificate" that Aide not work for one week and her testimony that she made $8.75 per hour. They argue this established she lost wages of $490 and was entitled to recover this amount. The jury was not bound by the evidence of Dr. McCarty's opinion that Aide should not work for one week. *Ponce*, 68 S.W.3d at 806. Aide also testified her absence from work was due to the pain she experienced. To the extent her claim to these damages depended on that necessarily subjective basis, the jury's evaluation of her credibility and demeanor must be afforded significant deference. *Id.* Based on the record before us, we cannot say the jury's resolution of those matters and denial of any recovery for lost wages was so against the great weight of the evidence as to be clearly wrong and manifestly unjust. We overrule appellants' second issue.

Our overruling of appellants' issues challenging the jury's findings that appellants suffered no compensable damages requires that we affirm the take-nothing judgment. Discussion of their third issue is thus not necessary to our disposition of the appeal. We affirm the trial court's judgment.


James T. Campbell
Justice