James R. MORGAN and Wife, Esperanza C. Morgan, Individually, and as Next Friends of Julia Morgan and John Morgan, Minors, Appellants,

v.

Leonard E. MUSTARD, Appellee.

No. 6244.

Court of Civil Appeals of Texas, El Paso.

April 12, 1972.

Paxson & Santiesteban, Robert E. Kennedy, Marshall I. Yaker, El Paso, for appellants.

Dudley, Highsmith & Skipworth, William C. Dudley, Robert A. Skipworth, El Paso, for appellee.

OPINION

RAMSEY, Chief Justice.

This is a damage suit. James R. Morgan and wife, Esperanza C. Morgan, individually, and as next friends of their minor children, Julia Morgan and John Morgan, Plaintiffs-Appellants, brought suit against Leonard E. Mustard, Defendant-Appellee, for injuries and damages resulting from an automobile intersection collision. Judgment for Plaintiffs was entered based on a jury verdict, and Plaintiffs appealed. We affirm in part and in part reverse and remand.

Plaintiffs present only one point of error complaining that the Trial Court overruled Plaintiffs' motion for new trial based on the jury's finding of no damages as to the minor, Julia Morgan. The basis for the assignment of error is that such finding is manifestly inadequate and unjust and

against the great weight and preponderance of the evidence.

In response to the special issues submitted, the jury found the Defendant at fault and awarded $253.45 for reasonable and necessary medical expenses for the treatment of the injuries of Julia Morgan resulting from the collision. The jury answered zero to damage issues relating to physical pain and mental anguish.

Following the collision, and prior to the trial, Julia Morgan was examined by the Plaintiffs' family physician once and made three visits to an orthopedist. The orthopedist testified at the trial as to his findings of injury to her cervical and lumbar spine and the associated pain. Medication was prescribed as well as a collar. Muscle spasms were evident and X ray studies revealed some loss in the normal lordotic curve.

The doctor's prognosis for her eventual recovery was encouraging, though probably extending over an indefinite length of time. The evidence did not reveal injuries of such severity as to require hospitalization or to be incapacitating, yet a finding that no compensation would be justified is so contrary to the weight and preponderance of the evidence that it would be manifestly unjust. Rule 328, Texas Rules of Civil Procedure; Lowery v. Berry et ux., 153 Tex. 411, 269 S.W.2d 795 (1954); Downing v. Uniroyal, Inc. et al., 451 S.W.2d 279 (Tex.Civ.App., n. w. h.); Allen et vir. v. Compton et al., 461 S. W.2d 143 (Tex.Civ.App., n. w. h.).

Plaintiffs also moved for a new trial with reference to the amount of damages awarded and denied Esperanza Morgan and denied John Morgan for the same reasons. No point of error was submitted in this Court however, and in the absence thereof, the judgment in the trial Court pertaining to these two Plaintiffs will be affirmed. Rules 374 and 418, T.R.C.P.; Dial Temp Air Conditioning Company et al. v. Faulhaber, 340 S.W.2d 82 (Tex.Civ.

App., Ref. n. r. e.); 4 Tex.Jur.2d, Sec. 652, p. 161; Treme et al. v. Thomas, 161 S.W. 2d 124 (Tex.Civ.App., n. w. h.); Cortez v. Cortez, 457 S.W.2d 131 (Tex.Civ.App., n. w. h.).

We therefore affirm the judgment of the trial Court as to Esperanza C. Morgan and John Morgan and sever and reverse and remand as to the cause of action of Julia Morgan.