**Paula JACOBS, Appellant,**

v.

**Laurie YORK, Appellee.**

**No. 2–83–076–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 30, 1983.

Ron L. Yandell, Wichita Falls, for appellant.

Sherrill & Pace and Roy T. Sparkman, Wichita Falls, for appellee.

Before HUGHES, ASHWORTH and JOE SPURLOCK, II, JJ.

OPINION

HUGHES, Justice.

Paula Jacobs has appealed the judgment rendered in her favor against Laurie York. The suit arose out of a collision between the motorcycle on which Jacobs was a passenger and the automobile which York was driving. Jacobs sued Johnny York and Laurie York, a minor, alleging that Laurie had failed to use ordinary care in the handling of her vehicle and that such negligence was the proximate cause of Jacobs' injuries. An instructed verdict was granted Johnny York, finding no basis for liability on his part. The jury returned its verdict finding Laurie York negligent in three respects: 1) moving her vehicle forward in breach of a duty of ordinary care; 2) failure to keep a proper lookout; and 3) failure to keep an assured clear distance between her vehicle and the vehicle upon which Jacobs was a passenger. The jury also found that such negligence was a proximate cause of the occurrence in question and that Jacobs was injured as a result of the accident.

However, the jury's answer to the damage issue was $0.00, which was reflected in

the judgment of the trial court. It is this award of no damages which is appealed.

We reverse and remand.

Three points of error are raised on appeal in which Jacobs asserts that the trial court erred in granting judgment in accordance with the jury's finding on damages because: 1) there was no evidence, or alternatively; 2) insufficient evidence to support their answer; and 3) refusing to grant a new trial because the jury's failure to award damages was manifestly unjust and unfair.

The evidence at trial showed that on July 24, 1981 Paula Jacobs and Richard Chancellor were exiting the parking lot of the Sonic Drive-In in Burkburnett, Texas. Jacobs was the passenger on the motorcycle driven by Chancellor. The motorcycle was stopped waiting for traffic on the main road to pass by when it was struck from the rear by the automobile driven by Laurie York. The motorcycle was pushed forward and overturned. The driver was not injured, but Jacobs sustained multiple abrasions on her right leg, bruises and contusions. She underwent treatment for about two and one-half (2½) weeks where the wounds were scrubbed and bandaged. Jacobs was required to wear bandages for approximately one and one-half (1½) months and the abrasions resulted in scars which the jury had an opportunity to observe.

The amount of damages is normally left to the discretion of the jury under the evidence before them. A jury cannot, however, ignore undisputed facts and arbitrarily fix an amount of damages which is neither fair or just. *Lowery v. Berry,* 153 Tex. 411, 269 S.W.2d 795 (1954). We are in agreement with the line of cases that hold where there are substantially undisputed objective symptoms of injury, a jury cannot ignore the undisputed facts and arbitrarily deny any recovery. *Szmalec v. Madro,* 650 S.W.2d 514 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Sansom v. Pizza Hut of East Texas, Inc.,* 617 S.W.2d 288 (Tex. Civ.App.—Tyler 1981, no writ); *Dupree v. Blackmon,* 481 S.W.2d 216 (Tex.Civ.App.— Beaumont 1972, writ ref'd n.r.e.). The jury here found injury and should have awarded some amount of money as damages. The evidence was insufficient to support the jury's award of zero damages and the motion for new trial should have been granted. TEX.R.CIV.P. 328.

We reverse and remand for new trial.