556 So.2d 1291 (1990)
Coralia Gonzalez, Wife of/and Cosme GONZALEZ pellee.
v.
Richelle M. CASADABAN, Walter C. Dufour, Champion Insurance Company and Allstate Insurance Company.
No. 89-CA-484.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1990.
Rehearing Denied March 16, 1990.
Cesar Vazquez, Murray, Braden, Gonzalez & Richardson, New Orleans, for plaintiffs/appellees.
Roberto R. Arostegui, Christopher E. Lawler, Metairie, for defendant/appellant.
Jerry G. Fisher, Law Offices of Michael H. Hogg, New Orleans, for defendant/appellee.
Before KLIEBERT, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
Defendant Allstate Insurance Company appeals a partial grant of a declaratory judgment which binds it to pay any and all exemplary damages awarded in favor of plaintiffs and against defendants. We affirm.
Plaintiffs, Coralia and Cosme Gonzalez were injured when the automobile in which they were travelling was struck from the rear while stopped at a red light at the intersection of Louisiana Highway 23 and Wright Avenue. The other vehicle was driven by defendant Walter Dufour and owned by defendant Richelle Casadaban. Plaintiffs filed suit against those defendants, Champion Insurance Company, the liability carrier on the Casadaban vehicle, and Allstate Insurance Company, the uninsured motorist carrier, alleging in part that the accident was caused by Walter Dufour's intoxication.
Plaintiffs moved for a judgment declaring both defendant insurance companies liable for any exemplary damages awarded plaintiffs pursuant to LSA-C.C. art. 2315.4.[1] The trial court denied the motion as it applied to Champion, the primary carrier, in view of an exclusionary clause contained in the policy which provides as follows:
This policy does not apply under Part I (Liability)....
(m) the sums which the insured shall become legally obligated to pay as damages under part one (1) shall not include any part of judgment assessed as punitive or exemplary damages.
Finding no exclusionary clause in the Allstate policy, the trial court granted the motion as to Allstate.
*1292 Allstate appeals arguing that a contract to insure against punitive damages is against public policy and should not be allowed to stand. Appellant acknowledges that the issue of whether punitive damages can be assessed against an uninsured motorist carrier has been decided adversely to his position by this court in Morvant v. U.S.F. & G., Co., et al, 538 So.2d 1107 (La.App. 5th Cir.1989) writ den. 541 So.2d 875 (La.1989) and by the First Circuit in Bauer v. White, 532 So.2d 506 (La.App. 1st Cir.1988). However, appellant urges a reversal of that jurisprudence.
In Morvant, supra at 1109-11 this court reasoned:
... In effect, were we to deny exemplary damages to the plaintiff because the deterent effect is seemingly absent, as the defendant insurer urges, we would defeat one of the purposes of the statute and the purpose of obtaining UM coverage. This would also penalize the victim plaintiff who paid the stipulated UM premium to the defendant insurer who agreed that "we will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle." The very purpose of obtaining and paying an extra premium for UM coverage is to protect oneself from the failure of the other motorist to adequately insure himself. The appellee insurer also argues, in effect, that it is not fair or logical for it to have to pay exemplary damages under UM coverage because it has no chance to review the record of or assess the insurability of the uninsured motorist, whereas it does have such opportunity under liability coverage. We disagree. The insurer never knows who it is insuring against under UM coverage. This is a calculated risk, in any event, so this argument must fall. Defendant's reasoning would defeat the ultimate purpose of UM coverage.

. . . . .
In fact, we approve of and adopt the views in this regard so ably stated by the Second Circuit in Creech [v. Aetna Cas. & Sur. Co., 516 So.2d 1168 (La.App. 2nd Cir.1987), writ den. 519 So.2d 128 (La. 1988) ].
Nowhere in LSA-C.C. Art. 2315.4 does the legislature prohibit insurance coverage of exemplary damages. The legislature is well aware that motorists are required to have automobile insurance and that these policies generally provide protection against claims of any character not intentionally inflicted. The legislature could easily have provided that no insurance coverage shall be allowed to cover exemplary damages, but did not do so.
There is more than one public policy. One such policy is that an insurance company which accepts a premium for covering all liability for damages should honor its obligation.
We find this reasoning to be sound and, therefore, reaffirm our holding that exemplary damages are recoverable from the insured victim's uninsured motorist carrier, up to the policy limits where the insurer promises to pay all sums the insured is legally entitled to recover, unless specifically excluded by the policy. For these reasons the trial court's judgment is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.