584 So.2d 50 (1991)
Ralph HOLTON, Appellant,
v.
Keith Douglas McCUTCHEON and Allstate Indemnity Company, a foreign corporation, and Carolyn Holton, Appellees.
No. 89-2269.
District Court of Appeal of Florida, Fourth District.
July 17, 1991.
Rehearing and Rehearing Denied September 19, 1991.
*51 Gary Marks of the Law Offices of Gary Marks, Fort Lauderdale, for appellant.
Brian S. Keif of Brian S. Keif, P.A., Miami, for appellee-Allstate Indem. Co.
Rehearing and Rehearing En Banc Denied September 19, 1991.
SHAHOOD, Associate Judge.
Appellant sued Keith Douglas McCutcheon in the court below seeking compensatory damages only. In a separate count, appellant sought punitive damages from appellee, Allstate Indemnity Company, his uninsured motorist carrier, alleging reckless driving by Keith Douglas McCutcheon.
Pursuant to appellee Allstate's motion requesting dismissal of the punitive damages claim, the trial court dismissed the claim with prejudice. The case proceeded to trial against McCutcheon resulting in a jury verdict against the appellant on the threshold question of permanency.
This appeal followed. The only issue on appeal is whether the trial court erred in granting appellee Allstate's motion to dismiss punitive damages with prejudice. Appellant's position is that pursuant to Nales v. State Farm Mutual Automobile Insurance Company, 398 So.2d 455 (Fla. 2d DCA 1981) and Ault v. Lohr, 538 So.2d 454 (Fla. 1989), a compensatory damages award need not underlie a punitive damages award. Appellant contends more specifically that one may recover punitive damages where the finder of fact has failed to assess nominal or compensatory damages. See Ault; Eglin Federal Credit Union v. Curfman, 386 So.2d 860 (Fla. 1st DCA 1980).
In addition, the second district, in Nales, held that punitive damages may be awarded upon a finding of liability even though the plaintiff could not recover compensatory damages due to his failure to meet the statutory threshold under Florida's No-Fault Law. Appellee argues that such is not the issue in the instant case. Appellant did not seek pursuant to the dismissed claim to recover punitive damages against McCutcheon, but against appellee Allstate, appellant's own carrier.
The Third District has held that punitive damages for the negligent conduct of a third party are not recoverable from one's own uninsured motorist policy carrier. See Suarez v. Aguilar, 351 So.2d 1086 (Fla. 3d DCA 1977). Additionally, Northwestern Nat. Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir.1962), precludes recovery of punitive damages from a liability carrier based upon public policy considerations.
Accordingly, based upon Suarez, and Northwestern, the decision of the trial court is affirmed.
AFFIRMED.
DOWNEY and POLEN, JJ., concur.