Suzanne VANDERLINDEN, Appellant,

v.

UNITED SERVICES AUTOMOBILE AS-
SOCIATION PROPERTY AND CASU-
ALTY INSURANCE COMPANY, Appel-
lee.

No. 06–94–00004–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 15, 1994.

Decided Sept. 16, 1994.

Rehearing Overruled Nov. 1, 1994.

Raymond Wheless, Wheless & Walker,
Plano, for appellant.

Gregory R. Ave, Touchstone, Bernays,
Johnston, Beall, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT,
J.

## OPINION

GRANT, Justice.

Suzanne Vanderlinden appeals from judg-
ment rendered in a jury trial in a suit that
she brought as an insured against her own

insurance company, United Services Automobile Association (USAA).

She contends that the trial court erred in granting USAA's special exception to her pleadings seeking punitive damages and by overruling her motion for new trial because the jury verdict awarding no damages for future disfigurement or future physical pain conflicts with other answers and because as a matter of law she was entitled to at least some damages from each of those factors.

Suzanne Vanderlinden was in a car wreck that was caused by a drunk driver. She suffered head and back injuries. The driver of the other vehicle was insured by State Farm Insurance Company, which paid her the policy limits of $50,000. Vanderlinden then turned to her own insurance company, USAA, and demanded recompense through the underinsured motorist provision contained within her policy. The company offered to settle with her for approximately $5,000. She refused, and took USAA to trial. At trial, the jury awarded her a total of $23,000 for past disfigurement and expenses of undergoing dermabrasion surgery in the future. The jury awarded no damages for future physical pain and mental anguish or, in the alternative, for future disfigurement. This recovery was offset against State Farm's previous payment to Vanderlinden. Thus, under the results of this case, USAA owes Vanderlinden nothing.[1]

We first examine Vanderlinden's contention that the trial court erred by granting USAA's special exception that struck her request for punitive damages.[2] The issue of punitive damages stands in a unique light in this case. Punitive damages are typically not to compensate a damaged plaintiff for his injuries; rather, they are to discourage the defendant from continuing his heinous activities and to likewise discourage others from similarly misbehaving. *Graham v. Roder,* 5 Tex. 141 (1849); *InterFirst Bank*

*of Dallas, N.A. v. Risser,* 739 S.W.2d 882, 908–09 (Tex.App.—Texarkana 1987, no writ). When special exceptions are sustained, as in this case, a party whose pleadings are affected has an opportunity to amend as a matter of right, or he may refuse to amend and test the validity of the ruling on appeal. *Slentz v. American Airlines, Inc.,* 817 S.W.2d 366, 369 (Tex.App.—Austin 1991, writ denied); *Thompson v. Dart,* 746 S.W.2d 821 (Tex. App.—San Antonio 1988, no writ). In our review, we acknowledge that the trial court has broad discretion in ruling on special exceptions and that its ruling will not be disturbed on appeal absent an abuse of discretion resulting in harm. *Slentz, supra; Davis v. Quality Pest Control,* 641 S.W.2d 324, 328 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Hubler v. City of Corpus Christi,* 564 S.W.2d 816 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

The question is whether the trial court erred by striking the punitive issue. If so, this error of law would constitute an abuse of discretion, as a trial court has no discretion to err in its application of the law. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). The issue is whether an injured plaintiff may obtain punitive damages from the *plaintiff's* insurance company through the underinsured motorist clause. This question has only been addressed twice in Texas, and the results are diametrically opposite.

The Houston Court of Appeals examined this issue in *Home Indemnity Co. v. Tyler,* 522 S.W.2d 594 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). A trial by jury held defendants liable for $4,100 in actual damages and $2,000 in exemplary damages, to be paid by the uninsured motorist addendum to the plaintiff's insurance policy. Home Indemnity argued that an award for exemplary damages "contravenes public policy by allowing an innocent party [the insurance company] to be punished for the wrong

---

1. No statement of facts has been filed in this case.

2. Although the petition on which trial was held does not appear in the transcript, there is no indication that the trial court ever rescinded this ruling. Other portions of the record also militate in favor of a determination that the court's order

was not rescinded, including the trial court's denial of her motion for a bifurcated trial and her request to file a fifth amended petition. That petition was tendered during trial and contained both a request for punitive damages and altered the amount alleged to be the maximum due under this portion of the policy.

doings of a third party tort feasor." The court examined the contract language, which stated in conformity with applicable statutory requirements that the insurer will

> pay *all sums which the insured … shall be legally entitled to recover* as damages from the owner or operator of an uninsured automobile.... The public policy considerations which might stand against indemnifying a wrongdoer are not relevant to the considerations in the present case. There is no public policy against an insurance company's promise to pay an insured the amount which the insured party has become entitled to recover because of the recklessness of some third party. The plaintiffs in this case have been adjudged to be legally entitled to recover exemplary damages from the operator of the uninsured automobile and it is the insurer's contractual obligation to pay those exemplary damages.

(Emphasis added.) Thus, the Houston court held that exemplary damages assessed against the defendant were recoverable under the uninsured motorist provision of the plaintiff's insurance policy.

The opposite result was reached in *Government Employees Ins. Co. (GEICO) v. Lichte,* 792 S.W.2d 546 (Tex.App.—El Paso 1990), *writ denied per curiam,* 825 S.W.2d 431 (Tex.1991).[3] The insurance policy as quoted by the El Paso court stated under the portion of the agreement providing uninsured/underinsured coverage:

> We will pay damages which *a covered person is legally entitled to recover from the owner or operator* of an uninsured motor vehicle *because of bodily injury* sustained

by a covered person, or property damage, caused by the accident.

792 S.W.2d at 549 (emphasis added). The court noted that the Texas Insurance Code was to be liberally construed to give full effect to the policy which led to its enactment and reviewed the statutory definition of exemplary damages as "any damages awarded as an example to others, as a penalty, or by way of punishment." *Id., see also* TEX.CIV. PRAC. & REM.CODE ANN. § 41.001(3) (Vernon Supp.1994).

The El Paso court was construing different policy language than the broad language that was presented to the Houston court. The court then held that the coverage provision stating that the insurer will pay damages that the plaintiff was legally entitled to recover from an uninsured motorist because of *bodily injury* does not include coverage for an award of exemplary damages because the purpose of allowing the recovery of punitive damages is to punish the wrongdoer. Since the wrongdoer was the uninsured motorist and not the insured, the court held that punitive damages were not recoverable under this clause of the insurance contract.

This split of authority is typical among the various jurisdictions. The theory set out in *Home Indemnity* is followed by courts applying the laws of Alabama, Louisiana, and Tennessee.[4] The following jurisdictions have held to the contrary, following the reasoning of *Lichte:* Arizona, Georgia, Ohio, Florida, Illinois, Indiana, New Mexico, Maine, Massachusetts, Mississippi, Oklahoma, and Wisconsin.[5] A brief review of the cases indicates that the Arizona and Ohio courts have re-

---

**3.** The Texas Supreme Court specifically reserves the question of whether exemplary damages are recoverable from an insurance company through its uninsured/underinsured motorists' coverage.

**4.** *Lavender v. State Farm Mutual Auto Ins. Co.,* 828 F.2d 1517 (11th Cir.1987) (applying Alabama law); *Gonzalez v. Casadaban,* 556 So.2d 1291 (La.Ct.App.1990); *Mullins v. Miller,* 683 S.W.2d 669 (Tenn.1984).

**5.** *State Farm Mut. Auto. Ins. Co. v. Wilson,* 162 Ariz. 251, 782 P.2d 727 (1989); *Holton v. McCutcheon,* 584 So.2d 50 (Fla.Ct.App.1991); *Roman v. Terrell,* 195 Ga.App. 219, 393 S.E.2d 83 (Ct. App.1990); *State Farm Mut. Auto Ins. Co. v. Mendenhall,* 164 Ill.App.3d 58, 115 Ill.Dec. 139,

517 N.E.2d 341 (Ct.1987); *Shuamber v. Henderson,* 563 N.E.2d 1314 (Ind.Ct.App.1990), *aff'd in part and rev'd in part on other grounds,* 579 N.E.2d 452 (Ind.1991); *Braley v. Berkshire Mut. Ins. Co.,* 440 A.2d 359 (Me.1982); *Santos v. Lumbermens Mut. Casualty Co.,* 408 Mass. 70, 556 N.E.2d 983 (1990); *State Farm Mut. Auto Ins. Co. v. Daughdrill,* 474 So.2d 1048 (Miss. 1985); *State Farm Mut. Auto Ins. Co. v. Maidment,* 107 N.M. 568, 761 P.2d 446 (Ct.App.1988); *State Farm Mut. Ins. Co. v. Blevins,* 49 Ohio St.3d 165, 551 N.E.2d 955 (1990); *Aetna Casualty & Surety Co. v. Craig,* 771 P.2d 212 (Okla.1989); *Burns v. Milwaukee Mut. Ins. Co.,* 121 Wis.2d 574, 360 N.W.2d 61 (Ct.App.1984).

cently changed their positions, now holding that punitive damages are not recoverable under an uninsured motorist provision and that Tennessee has passed a statute expressly reaching that result. *See* Eric Hollowell, Annotation, *Punitive Damages as Within Coverage of Uninsured or Underinsured Motorist Insurance*, 54 A.L.R.4th 1186 (1987); R. Brent Cooper & Michael W. Huddleston, *Insurance Law*, 45 Sw.L.J. 493 (1991).

We may accept the controverted language alleged by Vanderlinden as being correct, because it is language that, under the authority of TEX.INS.CODE ANN. art. 5.06–1(2) (Vernon 1981), is specifically promulgated by the Texas Department of Insurance that must be used by the companies in providing this coverage. This language also precisely tracks the language quoted in *Lichte.*

■ The weight of authority lies in favor of the reasoning applied by the El Paso court in *Lichte.* Most of the states that have expressly considered this question have held that in this context an insurance company should not be liable for punitive damages because to allow such a recovery would be antithetic to the acknowledged purpose to be served by rendition of such damages. Because of policy language in the present case, we hold that the trial court did not abuse its discretion by striking the pleadings requesting punitive damages. This point of error is overruled.

■ Vanderlinden further argues that the judgment was improper because the jury awarded her damages for past pain and suffering and past disfigurement, but awarded her no damages on any of those theories in the future. She contends that in light of the jury's award of future medical expenses that would necessarily be incurred in order to provide dermabrasion on her face to remove or lessen the scar tissue, it was not possible for the jury to hold that such a procedure would not have concurrent pain and anguish accompanying the procedure.

■ The jury question does not specify the purpose behind its award of future medical expenses. A jury may not ignore undisputed facts and arbitrarily fix an amount of damages which is neither fair nor just. *Lowery v. Berry*, 153 Tex. 411, 269 S.W.2d 795 (1954); *Jacobs v. York*, 662 S.W.2d 137 (Tex.App.—Fort Worth 1983, no writ). In cases where a jury found that objective physical damage had occurred, it has often been held that some amount of recovery for the associated pain and suffering should be provided by the jury, and its failure to do so has been described as contrary to the great weight and preponderance of the evidence. *Horn v. State Farm Ins. Co.*, 567 S.W.2d 266 (Tex. Civ.App.—Tyler 1978, no writ); *Morgan v. Mustard*, 480 S.W.2d 416 (Tex.Civ.App.—El Paso 1972, no writ); *Clark v. Brewer*, 471 S.W.2d 639 (Tex.Civ.App.—Corpus Christi 1971, no writ).

■ The briefs in this case cite the statement of facts for evidence introduced at the trial. No statement of facts was timely filed in this case, and therefore, this Court cannot look to the evidence that was admitted before the jury. In the absence of a statement of facts, it must be presumed that the trial court had before it and passed on all facts necessary to support the judgment. *Roberson Farm Equipment v. Hill*, 514 S.W.2d 796 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.). There can generally be no review of any point of error which calls for a reference or review of the statement of facts. *Lane v. Fair Stores*, 150 Tex. 566, 243 S.W.2d 683 (1951). However, Rule 74(f) of the Texas Rules of Appellate Procedure provides that "[a]ny statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposing party." *Jones v. American Economy Ins. Co.*, 672 S.W.2d 879, 881 (Tex.App.—Dallas 1984, no writ).

Vanderlinden stated in her facts of the case that she had a partial tangential loss of her right eyebrow and that the emergency doctor stated that she might need some dermabrasion in the future. According to DORLAND'S MEDICAL DICTIONARY 450 (27th ed. 1988), dermabrasion is the planing of the skin done by mechical means as by fine sandpaper or wire brushes. This procedure indicates that there would be future pain if such an operation was done. USAA, however, does

challenge Vanderlinden's contentions concerning the facts. It contends that there is not a single piece of evidence that Vanderlinden will suffer future pain or mental anguish, that whether the jury's award of future medical was based on the dermabrasion surgery in the future was speculation, and that Vanderlinden repeatedly testified and presented evidence that it was very possible that she may never undergo dermabrasion surgery. Furthermore, they contend that Vanderlinden had already undergone dermabrasion during the three years since the accident and prior to the trial, that the jury had an opportunity to examine her face, and that she had not seen a doctor about this problem in over a year and a half. Based upon that evidence, the jury could reach a conclusion that the surgery was unnecessary or would not, in fact, be done in the future.

All the various contentions about what the evidence shows lead us back to the rule that without a statement of facts, we cannot determine what the evidence supported and did not support. Without a statement of facts, we have no choice but to overrule this point of error.

The judgment of the trial court is affirmed.

BLEIL, J., not participating.