In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00145-CR


______________________________




DANIEL GERALD ALLEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 18122




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Daniel Allen has filed a motion asking this Court to dismiss his appeal. Pursuant to
Tex. R. App. P. 42.2, the motion is granted.

 The appeal is dismissed.


 Donald R. Ross

 Justice


Date Submitted: February 5, 2002

Date Decided: February 5, 2002


Do Not Publish



;            Downtown Plaza Imaging Center                                           $ 5,268.00
\
'

var WPFootnote2 = '
We also note, as pointed out by counsel, that Yusuf had referred in his records to his\
prognosis for her "concussion," and that there was no other suggestion anywhere in the record that\
Orozco had suffered a concussion.
\
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00019-CV
______________________________


CLARA OROZCO, Appellant
 
V.
 
NORMAN P. HOWARD, Appellee


                                              

On Appeal from the 157th Judicial District Court
 Harris County, Texas
Trial Court No. 2001-48882


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Clara Orozco convinced a jury that she deserved to recover for injuries sustained in an
automobile accident with Norman P. Howard, but failed to convince the jury to award her the
amount of damages she sought. In fact, the jury did not award enough damages to cover Orozco's
medical bills, and also gave her only a small portion of what she believed she deserved for pain and
suffering. Thus, Orozco appeals.
            At trial, Orozco presented evidence of doctors' bills (all unpaid) totaling approximately
$43,000.00.


 Counsel has directed us to no specific evidence about Orozco's preinjury income, but
only to evidence that she could only work part time for a period of time. She testified about the pain 
she attributed to the accident and about her inability to do things as easily as she had previously. 
There was also testimony about the cost of possible spinal surgery to be provided by another doctor. 
The jury awarded Orozco medical expenses of $2,470.00, lost earnings of $1,760.00, and physical
pain and mental anguish of $5,000.00. The jury made no award for any future damages.
            Orozco argues that we should reverse because such a low award is against the great weight
and preponderance of the evidence. We disagree and affirm the judgment.
            When a party attacks the factual sufficiency of an adverse finding on an issue on which he
or she has the burden of proof, the party must demonstrate that the adverse finding is against the
great weight and preponderance of the evidence. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242
(Tex. 2001); Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). We are required to consider
and weigh all of the evidence, and we can set aside a verdict only if the evidence is so weak or if the
finding is so against the great weight and preponderance of the evidence that it is clearly wrong and
unjust. Francis, 46 S.W.3d at 242; see Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). 
In doing so, we must "detail the evidence relevant to the issue" and "state in what regard the contrary
evidence greatly outweighs the evidence in support of the verdict." Pool, 715 S.W.2d at 635; In re
Estate of Steed, 152 S.W.3d 797, 806 (Tex. App.—Texarkana 2004, no pet.).
            The evidence presented to the jury shows that Orozco's pickup truck was broadsided by
Howard's pickup truck when Howard ran a red light. Orozco told Emergency Medical Services
personnel that she was okay, but she was taken to the emergency room. X-rays showed that Orozco
had no fractures, but instead had degenerative joint disease, bone spurs, and a long-healed fracture
of the spine. She was diagnosed as having a cervical strain and a bruised shoulder. She complained
about pain in her left shoulder and neck, and was released after being given muscle relaxers and anti-inflammatories. A week later, she went to see Dr. John Bergeron. For a month, she went to
physical therapy at Bergeron's direction, but then stopped. Two months later, at the suggestion of
her new attorney, she went to see Dr. Qaiser Yusuf, who treated her for six months, at considerable
cost.


 Orozco testified that the therapy did not help, but the records from the rehabilitation center
indicate the contrary.
            After Orozco's last visit with Yusuf in May 2001, Orozco's attorney referred her to another
doctor, at the Texas Medical Rehabilitation and Pain Center, who gave her pain medication and told
her to return the following week. She next appeared October 4, 2001, at an imaging center,
apparently acting on orders of Yusuf, and with payment guaranteed from the proceeds of any
insurance settlement. She next appeared eight months later at the Texas Rehabilitation and Pain
Center June 25, 2002, but nothing transpired as a result of that visit, and it does not appear that the
suggested treatment occurred. Finally, she saw Dr. Jeffrey Reuben November 21, 2002, but he
delayed acting until she had given birth. She sought no further medical treatment.
            Orozco testified that she had missed time from work, did not know how much, but believed
about four months. The various doctors' notes are somewhat inconsistent. Dr. Bergeron's records
show that Orozco was allowed to work four hours a day beginning August 14, 2000, but another
record shows that she was allowed to resume a four hour per day schedule August 28, 2000. Dr.
Yusuf prepared a form directing that Orozco be off work for one month. The record shows,
however, that Yusef prepared that form six weeks after Orozco had returned to work. Counsel has
not directed us to any part of the record reflecting Orozco's earning capacity.
            Orozco focuses her argument solely on the differential between the medical bills presented
and the amount awarded for those charges. We have addressed this issue before. In Hilland v.
Arnold, 856 S.W.2d 240, 242 (Tex. App.—Texarkana 1993, no writ), we addressed a very similar
situation—where "reasonable and necessary medical expenses" were proven by affidavit by a
plaintiff injured in an automobile accident, but the causation link between the accident and the
expenses was not established conclusively. The jury in that case, as in this one, awarded a small
percentage of the amount claimed. As we recognized there, an uncontroverted affidavit is sufficient
to support a finding that the amount charged was reasonable and necessary to treat the patient. That
is not equivalent to stating that such an affidavit is conclusive, or that it requires that award as a
matter of law. And such proof does not necessarily establish causation. As in Hilland, here the
record contains evidence of pre-existing medical conditions and other possible causes for the medical
complaints of the plaintiff other than the complained-of accident, which evidence tends to undermine
causation and provides an additional basis for the jury to significantly reduce the damages below the
amount of the medical expenses Orozco introduced into evidence.
            A jury may disbelieve that medical care is reasonable or necessary, even though a doctor
testifying as an expert may say that it is. See Gregory v. Tex. Employers Ins. Ass'n, 530 S.W.2d 105,
107 (Tex. 1975); Exxon Corp. v. West, 543 S.W.2d 667, 672 (Tex. Civ. App.—Houston [1st Dist.]
1976, writ ref'd n.r.e). Even when the subject matter of the expert's testimony is such that the trier
of fact must be guided solely by the opinion of experts, the opinions given by the expert witnesses
may be regarded as conclusive only if they are otherwise credible and free from contradiction and
inconsistency. Gabriel v. Lovewell, 164 S.W.3d 835, 847 (Tex. App.—Texarkana 2005, no pet.).
            Further, the jury in this case was entitled to believe, based on the sequence of events set out
above, that Orozco's medical expenses were not the result of the accident, but some other cause;
were, in whole or in part, fabricated; or were inflated by the medical community overworking the
case in expectation of payment from automobile insurance. Under these circumstances, even though
the record contains medical bills totaling over $40,000.00, we cannot agree that the jury was without
the authority to determine the amount attributable to the accident at bar was a far lesser amount than
that claimed. It is the jury's province to examine the evidence and to observe the witnesses, and we
cannot say that its conclusion in this case is so far against the great weight and preponderance of the
evidence as to justify reversal.
            In a single sentence near the end of her brief, Orozco complains because the pain and
suffering award was only $5,000.00. In cases where a jury found that objective physical damage had
occurred, it has been held that some amount of recovery for the associated pain and suffering should
be provided by the jury, and its failure to do so has been described as contrary to the great weight
and preponderance of the evidence. Horn v. State Farm Ins. Co., 567 S.W.2d 266 (Tex. Civ.
App.—Tyler 1978, no writ); Morgan v. Mustard, 480 S.W.2d 416 (Tex. Civ. App.—El Paso 1972,
no writ); Clark v. Brewer, 471 S.W.2d 639 (Tex. Civ. App.—Corpus Christi 1971, no writ). 
However, if a jury does not believe that a plaintiff were in as much pain as he or she claims to be or
that such pain as existed was attributable solely to natural deterioration, it may provide damages
accordingly.
            Converting physical pain and mental anguish into monetary amounts is not an exact process. 
Because personal injury damages are unliquidated and are not capable of measurement by any certain
standard, the jury has large discretion in fixing the amount of the award. Phillips Petroleum Co. v.
Burkett, 337 S.W.2d 856 (Tex. Civ. App.—Fort Worth 1960, writ ref'd n.r.e.). The measure of
damages is a matter of opinion of the fact-finder, and courts in most instances have been reluctant
to disturb the findings of a trial court or jury on such matters when there is any evidence to support
those findings. George C. Vaughan & Sons v. Dyess, 323 S.W.2d 261 (Tex. Civ. App.—Texarkana
1959, writ dism'd). Similarly, in this case, we will not disturb the fact-finder's determination.
            In only two sentences in the last paragraph of her brief, Orozco also states that the zero
damage awards for future pain and mental anguish and for future medical expenses were erroneous. 
For the same reasons as stated above, we likewise recognize that the jury had the ability to disbelieve
the testimony about the existence of future pain and mental anguish connected with this accident,
and disbelieve that any future medical expenses resulting from this accident would occur. The
contentions of error are overruled.
 
 
 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 12, 2005
Date Decided:             September 29, 2005