Opinion issued June 19, 2003
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00084-CV




J.T.T. AND M.T., Appellants

V.

CHON TRI A/K/A HIEN DINH NGUYEN AND THERAVADA BUDDHIST
CORPORATION, Appellees




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 98-13492




OPINION ON MOTION FOR REHEARING

          Appellees, Chon Tri a/k/a Hien Dinh Nguyen and the Theravada Buddhist
Corporation, filed motions for rehearing and rehearing en banc on May 5, 2003. We
deny the motion for rehearing, but withdraw our previous opinion and substitute this
opinion in its place to clarify the legal basis for our conclusions. 
          J.T.T. and M.T. (the sisters), plaintiffs/appellants, ask this Court to determine
whether we should reform the trial court’s judgment to correctly reflect the jury’s
verdict. In two points of error, they challenge (1) the absence of a finding in the
judgment that the defendants were jointly and severally liable for all damages
awarded, despite the jury’s finding of a civil conspiracy, and (2) the omission of
defendant Chon Tri from the judgment, despite the jury’s finding that he was 5%
negligent and was a co-conspirator. We reverse for reformation of the judgment.
Factual & Procedural Background
          After being sexually assaulted by a Buddhist monk, Dung Huu Khuat (who has
been convicted and is now serving time for the criminal offense of rape), the sisters
sued Khuat; his abbot, Chon Tri; the Theravada Buddhist Corporation of California,
which governed Dung Huu Khuat and Chon Tri’s temple in California; the Phap Luan
Buddhist Culture Center, Inc., a Houston-based organization governing the local
Buddhist congregation attended by the sisters; Ho Giac, abbot of the Houston
congregation; and the Vietnamese Theravada Buddhist Sangha Congregation, also
located in Houston.
          In their live pleadings, the sisters sued the above-named defendants for fraud,
assault and battery, breach of fiduciary duty, negligence, negligence per se, gross
negligence, civil conspiracy, premises liability, and intentional infliction of emotional
distress. They alleged that, when performing the rituals during which the assaults
took place, Khuat was acting under the supervision of Chon Tri, the Theravada
Buddhist Corporation, Ho Giac, the Phap Luan Buddhist Culture Center, Inc. and the
Vietnamese Theravada Buddhist Sangha Congregation; that all were aware of
Khuat’s improper and unlawful conduct with girls and young women prior to the
incidents involving the sisters and of his intent to continue engaging in such unlawful
conduct; and that they concealed their knowledge and let the conduct continue. The
sisters sought to pierce the corporate veil, to recover actual damages allowed under
the maximum jurisdictional limits of the court ($25,000,000 each), and to recover
exemplary damages. The defendants filed cross-claims against one another seeking
indemnification and contribution. 
          The parties stipulated Khuat’s negligence, and the jury was instructed that
Khuat’s negligence caused the “occurrence in question” in regard to the sisters. The
jury was asked whether the negligence of Chon Tri, Ho Giac, the Theravada Buddhist
Corporation or the Phap Luan Buddhist Culture Center also caused the occurrence in
question. The jury answered “yes” as to all but the Phap Luan Buddhist Culture
Center. The jury found that Khuat was 85% negligent and that Chon Tri, Ho Giac,
and the Theravada Buddhist Corporation were each 5% negligent. The jury further
found that Khuat, Chon Tri, Giac, and the Theravada Buddhist Corporation (but not
the Phap Luan Buddhist Culture Center) were part of a civil conspiracy that injured
the sisters. 
          The sisters filed a motion for judgment on the jury’s verdict. Ho Giac and the
Phap Luan Buddhist Culture Center filed a motion for judgment notwithstanding the
verdict. Chon Tri and the Theravada Buddhist Corporation also filed a motion, in
part for judgment notwithstanding the verdict and in part for judgment on the verdict. 
All four defendants filed a joint motion to disregard the jury’s finding on conspiracy. 
In a written order signed November 24, 2001, after an October hearing on these post-verdict motions, the trial court granted the sisters’ motion for judgment on the verdict
and denied all of the defendants’ motions. The trial court rendered a “Corrected Final
Judgment” on December 17, 2001, in which it apportioned damages among Khuat,
Ho Giac, and the Theravada Buddhist Corporation, did not impose joint and several
liability, and rendered a take-nothing judgment for Chon Tri and the Phap Luan
Buddhist Culture Center.
          The sisters, Ho Giac, and the Phap Luan Buddhist Culture Center filed notices
of appeal. While the appeal was pending, the sisters settled with Ho Giac and the
Phap Luan Buddhist Culture Center. This Court granted an interlocutory judgment
dismissing Ho Giac’s and the Phap Luan Buddhist Culture Center’s appeals. 
          The sisters have not challenged the amount of damages awarded in the
judgment. Rather, they contend that the form of the trial court’s judgment failed to
give them the full benefit of the jury’s findings. 
Discussion
          In point of error one, the sisters contend that the trial court erred in failing to
assess joint and several liability against all of the defendants despite the jury’s finding
of a civil conspiracy. The record reflects a conflict between the jury’s findings and
the judgment rendered. 
          Civil Conspiracy
          The jury found that some of the defendants engaged in a civil conspiracy that
resulted in injury to the sisters. Chon Tri and the Theravada Buddhist Corporation
contend that a conspiracy cannot be based on negligence, and that, even if it could,
the trial court correctly disregarded the conspiracy finding because there was no
evidence of conspiracy. They further argue that the sisters have not provided this
Court with a record on appeal that would enable this Court to alter the judgment, and
that we must presume the omitted portions of the reporter’s record support the
judgment. We reject each of these arguments.
          First, while we recognize that a conspiracy cannot be based on negligence,


 the
issues of negligence and civil conspiracy were both submitted to the jury, and the jury
determined that the defendants were liable for both causes of action. Negligence and
civil conspiracy are not the same. Negligence requires (1) a legal duty owed by one
person to another; (2) a breach of that duty; and (3) damages proximately resulting
from the breach. Firestone Steel Prods. Co. v. Barajas, 927 S.W.2d 608, 613 (Tex.
1996). A civil conspiracy is a combination by two or more persons to accomplish an
unlawful purpose or to accomplish a lawful purpose by unlawful means. Id. at 614;
Triplex, 900 S.W.2d at 719. The agreement need not be formal; rather, the
understanding may be tacit; and it is not essential that each conspirator have
knowledge of the details; inferences of concerted action may be drawn from
participation in the transactions. Bourland v. State, 528 S.W.2d 350, 354 (Tex. Civ.
App.—Austin, 1975, writ ref’d n.r.e.). The gist of civil conspiracy is the injury the
conspirators intend to cause. Firestone, 927 S.W.2d at 614. For a civil conspiracy
to arise, the parties must be aware of the harm at the beginning of the combination. 
Id.
          The fundamental difference between negligent injury and intentional injury is
the specific intent to inflict injury. Triplex, 900 S.W.2d at 720, n.2; Reed Tool Co.
v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985). Specific intent means that the actor
desires to cause the consequences of his act or that he believes the consequences are
substantially certain to result from it. Reed Tool, 689 S.W.2d at 406. It is because
the requirement of specific intent to inflict injury is absent from negligence that
parties cannot engage in a conspiracy to be negligent. Firestone, 927 S.W.2d at 614;
Triplex, 900 S.W.2d at 720, n.2. But this rule of law does not entail that parties
cannot conspire to cause injury by their negligence, for, in such a case, the gist of the
conspiracy is not negligence, but the injury the conspirators specifically intend to
cause.
          Here, the sisters pleaded that Khuat committed negligence per se by violating
both California criminal laws and sections 22.01(a), (b)(5), and (b)(10) of the Texas
Penal Code, i.e., by sexually assaulting, and by committing sexual assault as a
clergyman in his professional character as spiritual adviser. See Tex. Penal Code
§§ 22.01(a),(b)(5), (b)(10). The jury was instructed that Khuat committed negligence
per se, and it found that Chon Tri, Ho Giac, and the Theravada Buddhist Corporation
were all negligent. The sisters further pleaded that the defendants other than Khuat
were liable either individually or under the doctrine of respondeat superior or
vicarious liability. They also pleaded that the defendants engaged in a civil
conspiracy to permit Khuat’s assaults.
          The jury found that Khuat, Chon Tri, Ho Giac, and the Theravada Buddhist
Corporation participated in a conspiracy to injure the sisters, and that the sisters were
injured by the “occurrence in question,” i.e., sexual assault by Khuat during the
course of rituals that he performed at the temple.


 
          It is axiomatic that a legal duty must exist before a defendant may be held
liable in negligence. Triplex, 900 S.W.2d at 720. Generally, there is no legal duty
under Texas law to control the actions of third persons absent a specific relationship,
such as master/servant (or, as here, temple/abbot/priest). See id. However, an
employer may be held liable for its employee’s assault on a third party if that assault
stems directly from the employee’s exercise, however inappropriate or excessive, of
a delegated right or duty. ANA, Inc. v. Lowry, 31 S.W.3d 765, 770 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). Under Texas law, an employee’s criminal
acts can be within the course and scope of his employment and can impute liability
to his employer, if the acts are foreseeable considering the employee’s duties.
Williams v. United States, 71 F.3d 502, 506 n.10 (5th Cir. 1995); Gulf, D. & S.F. Ry.
Co. v. Cobb, 45 S.W.2d 323, 327 (Tex. Civ. App.—Austin 1931, writ dism’d w.o.j.). 
          Here, Khuat committed the criminal act of sexual assault during the course of
performing his religious duties for the temple; and the jury can reasonably have
inferred that the Theravada Buddhist Corporation, the Phap Luan Buddhist Culture
Center, and abbot Chon Tri knew of Khuat’s propensity and intent to assault girls and
women in the course of performing religious rituals, had a duty to prevent Khuat’s
sexual assaults on the sisters, and knowingly participated in a conspiracy not to
prevent such injuries, i.e., not to protect the sisters from Khuat’s assaults, knowing
that they were substantially likely to occur. The conspiracy here was thus not a
conspiracy to commit negligence; it was a conspiracy not to prevent—and hence to
further—Khuat’s criminal acts of sexual assault on the sisters, which the defendants
had a duty to prevent and which they knew were substantially certain to result from
their breaches of duty.


 See Reed Tool, 689 S.W.2d at 406. Firestone and Triplex are
distinguishable in that neither evidenced a conspiracy to inflict injury through
criminal acts which the conspirators had a duty to prevent and which they knew were
substantially certain to result from their breach of their duty of prevention.
          In addition, Chon Tri conclusorily asserts that there was no evidence of
conspiracy. Since neither Chon Tri nor the Theravada Buddhist Corporation filed a
notice of appeal, neither can challenge on appeal the sufficiency of the evidence to
support the jury’s finding on the issue of conspiracy. Tex. R. App. P. 25.1(c); Wal-Mart Stores, Inc. v. Garza, 27 S.W.3d 64, 67-68 (Tex. App.—San Antonio 2000, pet.
denied). Moreover, the record contains (1) the jury’s findings, (2) a record of the
hearing on all post-verdict motions, (3) the trial court’s written rulings on all post-verdict motions, and (4) the final judgment rendered. These portions of the record are
sufficient for our appellate review of the legal issues before us.
          Joint and Several Liability
          A trial court must render judgment on the jury’s verdict unless judgment is
rendered notwithstanding the verdict or the jury’s findings. Tex. R. Civ. P. 300. 
Here, the jury found that Khuat, Chon Tri, Ho Giac, and the Theravada Buddhist
Corporation were each negligent and also that each was part of a civil conspiracy that
injured the sisters. We hold that, by expressly granting the sisters’ motion for
rendition of judgment on the verdict, and by expressly denying the defendants
motions’ to disregard the jury’s findings and to render judgment notwithstanding the
verdict, the trial court bound itself to render a judgment affording the sisters all of the
relief to which they were entitled by the jury’s verdict. See Townsend v. Catalina
Ambulance Co., 857 S.W.2d 791, 798 (Tex. App.—Corpus Christi 1993, no writ);
Mowery v. Fantastic Homes, Inc., 568 S.W.2d 171, 173 (Tex. Civ. App.—Dallas
1978, no writ). 
          When the tortious acts of two or more wrongdoers join to produce an
indivisible injury, all of the wrongdoers will be held jointly and severally liable for
the entire damages. Landers v. East Tex. Salt Water Disposal Co., 248 S.W.2d 731,
734 (Tex. 1952). Once civil conspiracy is proved, each conspirator is responsible for
all acts done by any of the conspirators in furtherance of the conspiracy. Carroll, 592
S.W.2d at 926; Operation Rescue-Nat’l v. Planned Parenthood of Houston, 937
S.W.2d 60, 71 (Tex. App.—Houston [14th Dist.] 1996, aff’d as modified, 975 S.W.2d
546 (Tex. 1998); Bourland, 528 S.W.2d at 354 (liability for conspiracy extends to all
acts committed by conspirator, even if that defendant was not part of conspiracy at
time of act); Akin v. Dahl, 661 S.W.2d 917, 921 (Tex. 1983) (in action alleging
existence of conspiracy to further malicious prosecution, each element of cause of
action of malicious prosecution is imputed to each co-conspirator) Thus, a finding
of civil conspiracy imposes joint and several liability on all co-conspirators for any
actual damages that result from the conspiracy. Akin, 661 S.W.2d at 921; Carroll,
592 S.W.2d at 926; Hart v. Moore, 952 S.W.2d 90, 98 (Tex. App.—Amarillo 1997,
pet. denied). We hold that the judgment should have included a finding that all of the
defendants were jointly and severally liable for the damages awarded by the jury.
          We sustain point of error one.
          Take-Nothing Judgment Against Chon Tri
          In point of error two, the sisters challenge the take-nothing judgment rendered
for Chon Tri despite the jury’s finding that he was 5% negligent and was a co-conspirator. Chon Tri and the Theravada Buddhist Corporation contend that Chon
Tri is not individually liable because he was an officer of the corporation and acted
on its behalf. They repeat their contention that the judgment should not be disturbed
without evidence to suggest that the trial court’s judgment is not supported by the
evidence. For the reasons expressed in our discussion of joint and several liability,
we are persuaded that the record before us shows a conflict between the jury’s verdict
and the trial court’s judgment, as well as rulings from the trial court to which it
should be bound.
          The sisters argue that Chon Tri’s role as a tort-feasor has been disregarded,
while the Theravada Buddhist Corporation has been held vicariously liable for his
acts as well as its own. We agree that this is the effect of the take-nothing judgment
against Chon Tri, and that it is contrary to well-established law. Although, as here,
a master may be found vicariously liable for the acts of its servant, the servant retains
liability for his own torts. Leyendecker Assocs., Inc. v. Wechter, 683 S.W.2d 369, 375
(Tex. 1984); McIntosh v. Copeland, 894 S.W.2d 60, 63 (Tex. App.—Austin 1995,
writ denied); Leitch v. Hornsby, 885 S.W.2d 242, 249 (Tex. App.—San Antonio
1994, rev’d on other grounds, 935 S.W.2d 114 (Tex. 1996) (employee is responsible
for own acts and may be found negligent for those acts, as may corporation under
doctrine of respondeat superior; corporate officer or agent can also be liable to others
for own negligence when officer or agent owes independent duty of reasonable care
to injured party). 
          A person has a duty to prevent another’s criminal acts if there is a special
relationship between the tort-feasor and the criminal actor, such as employer and
employee or parent and child. Doe v. Franklin, 930 S.W.2d 921, 927 (Tex. App.—El
Paso 1996, no pet.) (grandmother who assumed task of caring for grandchild had duty
not to place child in situation where risk of sexual abuse was heightened and risk was
foreseeable); see also San Benito Bank and Trust Co. v. Landair Travels, 31 S.W.3d
312, 318 (Tex. App.—Corpus Christi 2000, no pet.) (one who controls premises has
duty to use ordinary care to protect invitees from criminal acts of third parties if he
knows or has reason to know of unreasonable and foreseeable risk of harm to invitee;
duty to protect arises from defendant’s power of control or expulsion over third
person). 
          We hold the trial court erred in not assessing damages against Chon Tri when
the jury found him both individually negligent and a co-conspirator.
          We sustain point of error two. 
Conclusion
          We reverse those portions of the judgment awarding damages and remand the
cause to the trial court to reform the judgment by (1) imposing joint and several
liability on the defendants, (2) reducing the award against the Theravada Buddhist
Corporation to each of the sisters from 10% of the actual damages to 5% of the actual
damages, and (3) awarding to each of the sisters 5% of their actual damages against
Chon Tri. 
          We affirm the remainder of the judgment.
 

                                                             Evelyn V. Keyes
                                                             Justice


Panel consists of Justices Taft, Keyes, and Higley.